Sweetser *v.* The Odd Fellows Mutual Aid Association of Indiana.

Filed Jan. 24, 1889.

---

No. 13,013.

## SWEETSER *v.* THE ODD FELLOWS MUTUAL AID ASSOCIATION OF INDIANA.

INSURANCE.—*Payment of Premiums.—Forfeiture.*—An insurance company will not be permitted to insist upon a forfeiture, if by any agreement, either express or implied by the course of its conduct, it leads the insured honestly to believe that the premiums or assessments will be received after the appointed day.

SAME.—*Waiver of Payments.—Estoppel.*—Mere occasional voluntary indulgence on the part of an insurance company, in the absence of an express or implied agreement to waive payment of assessments according to

Sweetser *v.* The Odd Fellows Mutual Aid Association of Indiana.

the *conditions of the contract, can not justly be construed as a perma-
nent waiver.* But such a course of dealing may be pursued as will es-
top the company to say that there was no agreement.

SAME.—*Evidence.*—*Declarations of Officers.*—It is immaterial what the offi-
cers of the company may have told the insured concerning his delin-
quency, and its effect upon his certificates, provided the course of deal-
ing of the association, and the acts and declarations of its agents, were
such as to induce him to believe that the time of payment would be
extended as theretofore.

PLEADING.—*Reply.*—*New Matter.*—*Departure.*—A departure occurs when
the reply is inconsistent with the case made in the complaint, or when,
in a second or subsequent pleading, a party abandons the ground he
took in his last antecedent pleading, and resorts to another. But it is
not a departure to set up new matter by way of replication, or additional
facts, not inconsistent with those averred in the complaint.

From the Marion Superior Court.

*W. Wallace* and *L. Wallace,* for appellant.

*W. Irvin, F. M. Finch* and *J. A. Finch,* for appellee.

MITCHELL, J.—This was an action by Frances M. Sweetser
to recover upon two certificates issued by the Odd Fellows
Mutual Aid Association of Indiana to James N. Sweetser,
by the terms of which the association agreed, upon certain
considerations mentioned, to pay to the plaintiff, who was men-
tioned in the certificates as one of the beneficiaries, a certain
sum of money upon due proof of the death of James N.
Sweetser.

It was averred in the complaint that Sweetser died on De-
cember 16th, 1880, and that proof of his death had been
waived by the company. The certificates, copies of which
are set out, contain a stipulation to the effect that if the as-
sured should fail to pay any assessment within ten days after
receiving notice thereof, the contract should be void and of
no effect. It was averred in the complaint that the company
and the assured had mutually agreed that the assessments
might be paid at any time within sixty days after notice, and
that the assessments had been paid for two years prior to the
death of the assured according to that agreement.

The answers denied the alleged agreement, and set up that the assured had been delinqnent, in that he failed to pay assessments from time to time according to the terms of the certificates, that he was in default upon two assessments at the date of his death, and that the certificates had, therefore, become void and of no effect.

The plaintiff replied, in substance, that the company had permitted the certificates to stand uncancelled, notwithstanding the failure to pay, and that it had waived the conditions contained in the certificates by receiving payment of assessments from time to time within sixty days after giving notice, without making any objection until after the death of the assured, when, it is averred, notice was given that the policy had been forfeited, and that no more payments would be received.

It is contended that the court erred in overruling a demurrer to the reply, (1) because it is a departure, and (2) because it does not state facts sufficient to avoid the answer.

A departure occurs when the reply is inconsistent with the case made in the complaint, or when, in a second or subsequent pleading, a party abandons the ground he took in his last antecedent pleading, and resorts to another. Stephen Pleading, 410. But it is not a departure to set up new matter by way of replication, or additional facts, not inconsistent with those averred in the complaint. *Fanning* v. *Ins. Co.*, 37 Ohio St. 344.

As showing an excuse for not having made payment of the assessments according to the terms of the certificates, it was averred in the complaint that they had been paid in conformity with a mutual agreement between the assured and the association. This averment was wholly immaterial, except as to assessments remaining unpaid. The answer denied the agreement, and sought to avoid a recovery by alleging the non-compliance with the condition, and that the certificates had thereby become void. The plaintiff replied that

the condition had been waived by the conduct of the association.

The reply is not an abandonment of the complaint. It does not resort to another cause of action or ground of recovery, nor does it allege facts inconsistent with those averred in the complaint. It is therefore not obnoxious to the first objection urged.

Construed in connection with the antecedent pleadings, it fairly appears from the reply that the habit of the company or association was to receive payment of assessments after the time fixed therefor by the terms of the certificate, provided they were paid within sixty days from the date of notice, and that the policy stood upon its books uncancelled at the date of the death of the assured. This being so, the company will not be heard to assert a forfeiture after the death of the assured, when, by its course of dealing with him, it may have induced him to believe payment might be made within sixty days after the receipt of notice.

It is abundantly settled that an insurance company will be estopped to insist upon a forfeiture, if, by any agreement, either express or implied by the course of its conduct, it leads the insured honestly to believe that the premiums or assessments will be received after the appointed day. The decisions which hold and enforce this view are very numerous. *Insurance Co.* v. *Eggleston,* 96 U. S. 572; *Insurance Co.* v. *French,* 30 Ohio St. 240; *Helme* v. *Philadelphia L. Ins. Co.,* 61 Pa. St. 107.; *Stylow* v. *Odd Fellows Mut. Life Ins. Co.,* 69 Wis. 224; *Appleton* v. *Phœnix Mut. L. Ins. Co.,* 59 N. H. 541 (47 Am. Rep. 220); *Teutonia Life Ins. Co.* v. *Anderson,* 77 Ill. 384; *Hanley* v. *Life Ass'n,* 69 Mo. 380; *Northwestern M. L. Ins. Co.* v. *Amerman,* 119 Ill. 329; Bacon Benefit Societies, section 431.

Forfeitures are not favored in the law, and courts, in order to avoid the odious results of a forfeiture, are not slow in seizing hold of such circumstances as may have been acted on in good faith, and which indicate an agreement on

the part of the company, or an election, to waive strict compliance with the conditions and stipulations in the policy. Continuing a policy in force and accepting payment of premiums thereon, with full knowledge of facts which, according to a condition of the contract, make it voidable, is a waiver of the condition. *Havens* v. *Home Ins. Co.*, 111 Ind. 90.

One party to a contract will not be permitted to make a show of continued leniency, or a pretence of liberality, repeated with such uniformity as to put another off his guard, and afterwards, by a sudden change in his course of conduct, declare a forfeiture, when the other party is helpless to avert the consequences. It is quite true that mere occasional voluntary indulgence on the part of an insurance company, in the absence of an express or implied agreement to waive payment of assessments according to the conditions of the contract, can not justly be construed as a permanent waiver, or as depriving the company of the right to insist upon a forfeiture, or to cancel its policy on account of the failure to pay according to the stipulations therein written. *Thompson* v. *Insurance Co.*, 104 U. S. 252. But such a course of dealing may be pursued as will estop the company to say that there was no agreement, after it has permitted its policy to stand open and uncancelled, and after it has accepted payment of overdue premiums or assessments in a specified manner, which has been conformed to during the lifetime of the insured, and until the opportunity to make further collections has been cut short by his death. Although the company had the right to declare the contract forfeited for non-payment of assessments within the stipulated time, yet if, after the insured had become delinquent, a new assessment was made with knowledge of the delinquency, this constituted a recognition of the continued validity of the policy or certificate, and a waiver of all pre-existing rights of forfeiture. Niblack Mut. Ben. Soc., section 339. In every aspect of the case the reply was, therefore, sufficient.

The evidence tended to show that Sweetser became a member of one division of the association in December, 1876, and of the other in January, 1877. He died suddenly on the 15th of December, 1880. The evidence shows that, prior to the year 1880, the insured paid, with reasonable promptness, the payments falling due on the 25th of the current month, "being paid on or before the 29th." In 1880, payments falling due as above were made as follows: The assessments for February and March were paid April 2d; those of April and May on May 28th; that of June on July 26th; that of July on August 31st; that of August on October 18th; and the last, that of September, on November 24th. The September payment was made by the insured in person at the office of the association, and he was then informed by the secretary and general manager of the company that his October assessment was past due, and that his November assessment would fall due the next day. The agent received the money for the September assessment, and the insured left, saying that he would pay the October and November assessments in a few days. This was on the 24th day of November. He died on the 15th of December, without having paid or offered to pay the last two assessments. No formal action had been taken by the association to cancel the certificates, or declare a forfeiture, nor was the insured informed, when the payment last made by him was received, that the lenity previously extended would no longer be continued. Within fifteen days after the death of the insured, the plaintiff, who had become the sole beneficiary, appeared at the office of the association to make proof of the death, and was then informed for the first time of the delinquencies and of the forfeiture claimed. Proof of death was duly made, and the association refused to receive the delinquent assessments. It also appeared that the insured had received written or printed notices of all the assessments, and that upon each notice there was printed a note, to the effect that agents were not authorized to extend the time of payment beyond

ten days after receipt of notice, and that any delay beyond that time would be at the risk of the member, and would not be construed as a waiver of any right of the association.

Upon this evidence the jury found for the plaintiff below. It is now insisted that the finding is not sustained by the evidence.

The case is not altogether clear and satisfactory upon its facts. We are of opinion, however, that it was peculiarly a question of fact for the jury to determine whether or not, under all the circumstances, the conduct of the association was not such as to throw the insured off his guard, and to raise an implied agreement on its part to continue in the same course of dealing, so long as it received his money without giving notice of a contrary purpose.

It is a significant circumstance that twenty-three days before the death of the insured the association received from his hand, at its home office, the September assessment then nearly sixty days overdue. He was informed at that time that his October assessment was past due, and that his November assessment would mature on the following day. The insured left, saying he would pay the assessments in a short time. There was no intimation from the officers or agents of the company that any forfeiture of the policy was contemplated, or that the money would not be received, if tendered in conformity with the other payments recently made.

The jury must have drawn the inference that the association had permitted the insured to turn away from its office, resting upon the belief that there had arisen from this last interview, and from the previous conduct of the officers of the association, an implied agreement that the association would receive the October and November assessments, notwithstanding the delinquency, in case they were paid, or tendered, as payments had been theretofore made. Nor can we doubt that payment would have been accepted, as in the other cases, but for the intervention of the death of the insured. It is not necessary that there should have been an

agreement formally expressed in words to extend the time. If the officers of the association manifested by their acts, declarations or conduct their assent to an extension of time, and their intention not to insist upon a forfeiture, and the insured honestly and in good faith relied and acted upon their conduct or declarations, the association is now estopped to say there was no agreement. We can not disturb the judgment on the evidence.

The instructions complained of put the case to the jury fairly upon the legal principles already enunciated in this opinion. It would serve no useful purpose to set them out.

At the trial the appellant offered to prove by its secretary and principal manager that he told the insured on one occasion that some of his assessments were overdue; that he had thereby lost his rights to his certificates, and that he was delaying payment at his own risk and peril. This testimony was excluded. We are unable to perceive the materiality of this evidence. The court admitted in evidence notices of assessments received by the insured, upon every one of which was printed substantially the same information, only in more emphatic terms. Insurance companies can not, however, either by printed notices, or by verbal communications, continue their right to insist upon forfeiting a contract for non-payment of assessments, and at the same time habitually accept overdue assessments whenever tendered. After a forfeiture has occurred, a new assessment against the member, and an acceptance of the overdue assessments, inevitably waive the previous forfeiture, notwithstanding the notice that non-payment will be at the risk of the member.

It was, therefore, wholly immaterial what the secretary may have told the insured concerning his delinquency, and its effect upon his certificates, provided the course of dealing of the association and the acts and declarations of its agents were such as to induce him to believe that the time for payment would be extended as theretofore. The conversation proposed did not in any way tend to show the absence of an

understanding or agreement to continue the previous course of dealing, or that the association would thereafter insist upon the enforcement of the terms of its contract, in case of failure to comply by paying assessments when due.

We find no error in the record.

The judgment is therefore affirmed, with costs.

Filed Jan. 24, 1889.