## EQUITABLE ACCIDENT INSURANCE COMPANY
### v.
## S. L. VAN ETTEN.

*Accident Insurance—Premium—Promissory Notes—Policy—Conditions —Custom.*

In an action brought to recover upon a policy of an accident insurance company, this court holds that under the circumstances of the case, the defendants can not insist upon a forfeiture of the policy for non-payment of a premium note, and affirms the judgment for the plaintiff.

[Opinion filed March 13, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding.

Mr. CHARLES LOUGHRIDGE, for appellant.

Mr. M. L. KNIGHT, for appellee.

GARY, J.   This is an action on an accident policy issued by the appellant to the appellee.   The only question in the case arises upon the facts that the policy was issued in consideration of promissory notes given by appellee for the premium, and the policy was conditioned that it should be void if any such note, due before the happening of the accident, was not paid when due; that the last of such notes (the others being

Equitable Accident Ins. Co. v. Van Etten.

then paid) was due and unpaid seven months before the accident.

The notes were on their face payable at the office of the company in Chicago. From the evidence it appears that such notes were more frequently, in fact, paid by being sent to the places where the insured were employed, or elsewhere, in casual meetings between agents of the company and the insured; and that the company, if the notes were not paid when due, still treated them and the policies as in force, by sending notices to the assured, and also sending the notes in the hands of agents to collect them.

The testimony of the appellee was that the agent of the company told him that he would collect at the place of business of the appellee; that the other three notes for premium on this policy were in fact so paid. The only part of this testimony disputed by the appellants was that, as to one of the three notes, it was paid by deduction from a former claim of the appellee.

In fact the note in question was in the hands of an agent for collection probably before it was due. He did not present it; laid it away and forgot it; and no notice was given to appellee by anybody of anything calling his attention to the matter.

Under such circumstances the appellants can not insist upon a forfeiture. We adopt Sweetser v. Odd Fellows, 117 Ind. 97, as a satisfactory expression of the law on this subject and refer to it for a full statement of reasons.

*Affirmed.*