The Michigan Mutual Life Insurance Company *v.* Custer.

Filed April 7, 1891.

---

No. 14,785.

## THE MICHIGAN MUTUAL LIFE INSURANCE COMPANY *v.* CUSTER.

LIFE INSURANCE.—*Premium Overdue and Unpaid.—Validity of Provision Against Liability.*—A provision in a policy of insurance that the insurer shall not be liable for a loss occurring while a note given for premium is overdue and unpaid, is valid, and exonerates the insurer from liability while such delinquency continues.

SAME.—*Waiver of Forfeiture Incurred by Non-Payment of Premium.*—A provision in a policy of insurance providing for the forfeiture of the policy for non-payment of the premium is for the benefit of the insurer, and may be waived by it.

SAME.—*Premium Note Overdue.—Extension of Time of Payment.—Loss During Extension.*—A clause in a policy of life insurance provided that if any premium should be settled by note, such settlement should not be deemed a payment, but only an extension of the time for the payment of that premium; and if the note, or any renewal of it, should not be fully paid when due, then, for any loss occurring while such note remained due and unpaid, the insurer should not be liable, but the whole amount of the premium included in such note should be considered as earned, and the insurer might collect it. The insured failed to pay a premium when due, and gave his note therefor, due in seven months, and before this note was due, the time of payment was extended by mutual agreement five months, during which five months he died.

*Held,* that there was a sufficient consideration to support the agreement to extend the time of payment the extra five months, that it was not a mere indulgence to the maker; and that the insurer was liable for the loss occurring under such policy.

SAME.—*Proof of Extension of Note.—Tile Season.*—Where it is alleged that the note was extended until the season for the sale of tile for a desig-

nated year had expired, evidence of the period constituting the tile season is admissible to show such extension.

From the Tippecanoe Circuit Court.

*W. S. Hartman, W. H. Hamelle* and *J. H. Adams*, for appellant.

*P. S. Kennedy, W. D. Wallace* and *T. H. Ristine*, for appellee.

MILLER, J.—This action was instituted in the court below by the appellee, Eliza A. Custer, against the appellant, the Michigan Mutual Life Insurance Company. The foundation of the action was a life policy issued by the appellant upon the life of Montgomery T. Custer, the husband of the appellee.

In the third paragraph of complaint it is averred, in substance, that Eliza A. Custer is the widow of Montgomery T. Custer, late of Montgomery county, Indiana; that appellant, the Michigan Mutual Life Insurance Company, is a foreign corporation, with its principal office at Detroit, Michigan; that June 2d, 1883, in consideration of the payment of $57, by Montgomery T. Custer, the appellant executed a policy of insurance, promising thereby to pay to him at the expiration of thirty-five years, the sum of $2,000, or in the event of his earlier death to pay such sum to his widow; that Montgomery T. Custer died at New Ross, Montgomery county, Indiana, May 9th, 1885, and on June 3d, following, appellee furnished appellant with proofs of death; that appellee and said Montgomery T. Custer performed all the stipulations imposed on them by such contract of insurance, except that Montgomery T. Custer did not pay the annual cash premium on said policy of insurance due June 2d, 1884; that in lieu of the payment of such premium in cash, Montgomery T. Custer executed, and the appellant insurance company accepted, on said day, a note bearing date June 2d, 1884, for $57, due seven months after date, bearing seven

per cent. interest, and payable to the appellant at Darlington, Indiana.

In this paragraph it is averred that about three weeks prior to the maturity of the premium note in question the appellant insurance company, at the request of Montgomery T. Custer, consented and agreed that the time for the payment of the note should be, and it then was, extended to the 2d day of June, 1885 ; that thereupon the note was, by appellant's agents, returned to appellant's home office at Detroit, where it remained without demand of payment until after Montgomery T. Custer's death, and that Montgomery T. Custer relied on such agreement and extension of time until the time of his death.

The policy of insurance sued on and made part of the complaint, by proper exhibit, contains the following stipulation :

" 3d. If the first or any subsequent premium on this policy shall be settled wholly, or in part, by note or other obligation, whether of the beneficiary, the insured, or any third party, such settlement shall not be deemed a payment but only an extension of the time for the payment of such premium; and if such note or other obligation, or any renewal thereof, shall not be fully paid when due, then, for any loss occurring while such note or other obligation remains due and unpaid, the company shall not be liable, but the whole amount of the premium included in such note or other obligation shall be considered as earned, and the company may collect the same."

A separate demurrer by the appellant was filed to the second and third paragraphs of complaint, challenging the sufficiency of the facts stated in each paragraph to constitute a cause of action.

These demurrers were severally overruled, and the appellant excepted to the ruling of the court.

An answer was filed in general denial, and two affirma-

tive paragraphs. It is not important to note here the contents of the special paragraphs of answer.

A demurrer to the second paragraph of answer was sustained, and appellant excepted.

The cause was tried by a jury, and a special verdict returned, upon which verdict judgment was entered in favor of the appellee.

The errors assigned call in question the rulings of the court on the demurrers, and in overruling the motions of the appellant to require the jury to retire for further deliberation, and to return facts indisputably proved at the trial; for a *venire de novo,* for judgment for the appellant on the special verdict, and for a new trial.

No proof was introduced upon the trial to establish the second paragraph of complaint; and the finding of the jury was adverse to the plaintiff on the matters therein set forth.

The second paragraph of answer, while addressed to the whole complaint, refers only to matters contained in the second paragraph; and, therefore, the defendant was not harmed by the overruling of the demurrer to the second paragraph of complaint, and sustaining the demurrer to the second paragraph of answer.

The cause was tried on the third paragraph of complaint, and the answer of general denial.

The first question presented for our consideration relates to the sufficiency of the third paragraph of complaint as a cause of action.

The objections pointed out to this paragraph are twofold : 1. That the agreement to extend the time for the payment of the premium note, after its maturity, was without consideration, and was a mere indulgence to the maker. 2. That the extension of time was not inconsistent with a suspension of the company's liability during the time the note remained overdue.

The appellee does not contend that the agreement for an extension was a valid, binding contract, but that it consti-

tutes a waiver by the company of the payment of the note at its maturity.

That a provision in a policy of insurance that the company shall not be liable for a loss occurring while a note given for premium is overdue and unpaid, is valid in law, and exonerates the insurer from liability while such delinquency continues, is well established. It is equally well settled that the provision in a policy of insurance providing for the forfeiture of the same for non-payment of the premium is for the benefit of the insurer, and may be waived by it. *Home Ins. Co.* v. *Gilman*, 112 Ind. 7 ; *Sweetser* v. *Odd Fellows, etc., Ass'n*, 117 Ind. 97 ; May Insurance, section 360 ; Bliss Life Ins., section 154.

The position assumed by this court upon this subject is stated in *Sweetser* v. *Odd Fellows, etc., Ass'n, supra*, in these words :

" It is abundantly settled that an insurance company will be estopped to insist upon a forfeiture, if, by any agreement, either express or implied by the course of its conduct, it leads the insured honestly to believe that the premiums, or assessments will be received after the appointed day. The decisions which hold and enforce this view are very numerous." And again :

" Forfeitures are not favored in the law ; and courts, in order to avoid the odious results of a forfeiture, are not slow in seizing hold of such circumstances as may have been acted on in good faith, and which indicate an agreement on the part of the company, or an election, to waive strict compliance with the conditions and stipulations in the policy."

Applying these principles to the allegations contained in the complaint inevitably leads to the conclusion that the pleading is not defective on account of the first objection urged to the same. It is difficult to imagine a state of facts more likely to lead the insured to believe that the premium would be received after the time at which it was made payable, and that the company had elected to waive strict com-

pliance with the terms of the policy, than the agreement set out in the complaint for an extension of time for payment.

We are not satisfied that the agreement for an extension, was without consideration. The contract of insurance entered into between the insured and the insurer was valuable to both of the contracting parties. The insured desired to avail himself of the benefits to accrue by a continuance of the same in the future. The company held his interest-bearing note ; his obligation to pay the future annual premiums depended upon the continuance of the policy in force. Under these circumstances we are of the opinion that the agreement made before default to extend the time for the payment of the note, and thus keep alive the policy, was founded upon a sufficient consideration. In this we are fortified by the opinion of the court in *Homer* v. *Guardian, etc., Ins. Co.*, 67 N. Y. 478 (483); *Wyman* v. *Phœnix, etc., Ins. Co.*, 119 N. Y. 274 (280).

The second objection to the paragraph under consideration is predicated, mainly, upon the assumption that the extension of time averred in the complaint was without consideration. If there was a good and sufficient consideration for the extension of time, then the premium note was not, during the period covered by the extension, overdue, and the policy was continued in force until the termination of such extended period.

If, on the other hand, the extension was, as claimed by the appellant, a simple gratuity, it was none the less a waiver of the payment of the note at its maturity, and as the forfeiture was in the nature of a penalty, and intended to secure the prompt payment of the note, the waiver of payment was a waiver of the right to enforce the penalty for non-payment. According to the interpretation claimed by the appellant, the arrangement to extend the time for the payment of the note, so far as his rights under the policy were concerned, would have left him precisely in the condition he would have been without an extension. It would enable the company, under

a show of leniency, to receive all the benefits of the extension, and yet remain in a condition to repudiate all liability during the same time.   It would enable the company, whatever happened, to " reap the premium and escape the risk." *Kentucky Mut. Ins. Co.* v. *Jenks,* 5 Ind. 96.

The case of *Homer* v. *Guardian, etc., Ins. Co., supra,* was much like this one.   The policy contained a stipulation that " in case the premium or premiums shall not be paid to said company on or before the time specified for the payment of the same," the policy should be forfeited.   Prior to the time of the maturity of a premium, the time for its payment was extended, and during such extension the insured died.   It was claimed by the company in that case, as in this, that the contract for extension was void for want of consideration, and that the policy had become forfeited on account of non-payment of the premium.   The court held that the company, having consented to an extension, was estopped to insist upon a forfeiture, or to allege that the policy was not continued in full force and effect; that the effect of giving the extension was to continue the policy and the contract of insurance in full force as if there had been strict performance of the condition at the day; and liable only to a forfeiture by non-payment at the time to which performance was deferred.

In the course of the opinion the court says :   " It can not be intended from the simple transaction of giving time for payment of the premium—that is, giving credit instead of exacting prompt payment—the parties had in view the continuance of the contract merely to secure the benefit of it to the insurer by the payment of the premium if the peril insured against should not happen, but in case of the death of the insured before the time should elapse for its payment the contract should be void ; that is, that upon the occurrence of the event constituting the peril, indemnity against which was the only object and purpose of the contract, the policy should be of no avail.   This would be saying to one

undertaking to pay in the future for a risk to commence *in præsenti*, that his life is insured if he lives, but if he dies he is not insured."

The appellant cites the cases of *Wall* v. *Home Ins. Co.*, 36 N. Y. 157, and *Ferebee* v. *N. C. Mut., etc., Ins. Co.*, 68 N. C. 11. The case of *Wall* v. *Home Ins. Co., supra*, is substantially overruled by the later cases in that State, and is expressly disapproved in the well-considered case of *Phenix Ins. Co.* v. *Tomlinson*, 125 Ind. 84. See, also, *Sweetser* v. *Odd Fellows, etc., Ass'n, supra*.

We are satisfied that the weight of authority is against the doctrine of these cases.

In our opinion the court did not err in overruling the demurrer to the third paragraph of complaint.

It is claimed that the court erred in overruling the appellant's motion for judgment in its favor on the special verdict.

The principal point made under this assignment is that the finding in reference to the extension of time for payment of the note does not correspond with the allegations of the complaint.

The allegation is, in substance, that the insured was to have until the 2d day of June, 1885, to pay the note. The finding is that he was to have until he could realize, during the next tile season, money from the sale of tile for the year 1885, with which to pay the note, and that the season for selling tile extended from about the 1st of March to the middle of June. It is also found that the insured died on the 9th day of May, 1885, and that the first demand for the payment of the note was on the 27th day of May, written and addressed to the insured after his death.

The variance, if such it was, between the allegations in the pleading and the proof was not material. Section 391, R. S. 1881. Looking to all parts of the verdict and construing it as a whole, we think it appears that the extension

The Michigan Mutual Life Insurance Company v. Custer.

included, at least, the 27th day of May, when the demand was made, which was after the death of the insured.

Some objection is made to the finding upon the subject of the proof made of the death of the assured. While the finding is not very full and explicit upon this point, we find, upon examination, that the finding is almost in the exact words of the policy, requiring proof. And upon looking into the evidence to see if the merits of the cause have been fairly tried and determined, we find that the company, at the trial of the cause, admitted that notice of the death was given to the company in due time and in due form.

We have read the evidence and find that there is evidence tending to sustain the verdict of the jury upon every material finding, and, under the well established rule of this court, we can not interfere with their verdict.

The court did not err in permitting the appellee to read in evidence the letter dated May 27, written by the company to the insured, and demanding payment of the note. Such evidence was competent to be considered by the jury as bearing upon the question of the alleged extension of the time for the payment of the note. Neither do we think the court erred in receiving testimony in reference to the duration of the tile season in Montgomery county. The arrangement made between Custer and the agents of the company was made with reference to this tile season. It was not necessary that the contract for extension should be to a precise date.

Judgment affirmed.

Filed April 7, 1891.