Filed March 31, 1892.

---

No. 14,178.

## PAINTER *v.* THE INDUSTRIAL LIFE ASSOCIATION.

LIFE INSURANCE.—*General Agent, Who Is.*—*Powers of to Grant Extension of Time of Payment.*—An agent of a mutual life insurance company, assigned to the territory of a State, charged with the duty of soliciting applications for membership, collecting membership fees, organizing local aid societies, appointing sub-agents, and in addition thereto empowered " to assist in working within the territory " named, " and to do and perform such other acts and things as may be necessary to build up the interests and defend the rights of said life association in said territory," is a general agent, and has power to orally agree to an extension of the time of payment of dues, even when the policy would be avoided if payment had not been made within the time limited, unless an extension had been granted.

Painter *v.* The Industrial Life Association.

SAME.— *Waiver of Forfeiture by Accepting Payment—Extension of Time of Payment.—Death on Day to Which Time of Payment was Extended.—Company Liable.*—A by-law of a mutual insurance company provided that full monthly payments were " due from each member on the first day of each calendar month, with the remainder of the month allowed as days of grace for payment," and that the membership "should not cease until after the days of grace " had expired. It was also provided that if any monthly payment was not paid to the association at its home office within the time as above stated, the membership should " cease and terminate, the certificate become null and void, and all money paid thereon be forfeited to the association, and credited to the contingent fund." The assured paid his installment, due September first, on October 4 ; the one due October first, November first ; the one due November first, December 2d ; and the one due due December first, by oral agreement with the general agent having the powers previously enumerated, was to have been paid January 5th ; but before the close of business hours the insured suddenly fell dead.

*Held,* that the insurance company had extended the time of payment, and were liable.

SAME —*Declarations of President of Insurance Company after Death of Insured.* —Conversations had with the president of the insurance company after the death of the insured, tending to show the powers of the agent above mentioned, and also showing a willingness to have accepted the payments after the days of grace had elapsed, is admissible in evidence when taken in connection with the other facts.

From the Marion Superior Court.

*F. M. Finch* and *J. A. Finch,* for appellant.

*J. T. Dye, W. P. Fishback* and *W. P. Kappes,* for appellee.

OLDS, J.—This action was brought by the appellant against the appellee upon a certificate of life insurance issued by the appellee to the appellant upon the life of her husband, George W. Painter, in the sum of $2,000.

Issues were joined. The first trial resulted in a verdict in favor of the appellee. The court granted a new trial. A second trial resulted in a verdict in favor of the appellant against the appellee for $2,480. Appellee filed its motion for a new trial, which was overruled, and an appeal was taken by the appellee to the general term of the superior court. At the general term the judgment at the special term was re-

versed for error in overruling the motion for a new trial, and from the action of the court at general term the appellant prosecutes this appeal, and assigns the ruling of the court at general term as error.

The certificate of insurance was issued on the 19th day of August, 1879. The association is a mutual association, and the certificate contains an agreement that the applicant shall " faithfully abide by all rules, and accept and obey all by-- laws of the association, and pay all dues and monthly payments agreeable with said by-laws and the tables of monthly payments printed therein."

The rule of the association relating to the monthly payments is as follows:

" Section 33. The full monthly payment is due the association from each member on the first day of each calendar month, with the remainder of the month allowed as days of grace for payment; the monthly payments commencing with each member on the first day of the next month after the one in which the certificate of membership is dated, and the membership shall not cease until after the days of grace have expired; but if any monthly payment is not paid to the association at its home office in Indianapolis within the time hereinbefore named, the membership will cease and terminate, the certificate become null and void, and all money paid thereon will be forfeited to the association and credited to the contingent fund."

The monthly payments on this policy were made by George W. Painter, the insured, as follows:

1st. For September, 1879, was paid October 4th, 1879.

2d. For October, 1879, was paid November, 1st, 1879.

3d. For November, 1879, was paid December 2d, 1879.

4th. For December; the last day of grace for the payment of which was December 31st, 1879, was never paid.

On the 5th day of January, 1880, Mr. George W. Painter fell dead upon the street. The appellant afterwards tendered

to the appellee the amount of the monthly dues, but appellee refused to accept it.

The principal question presented is as to whether or not there had been a forfeiture of the policy such as the association had a right to rely upon as a defence to the right of recovery upon it.

It is contended by the appellee that there was a forfeiture of the policy by reason of a failure to pay the dues before the expiration of the days of grace allowed for payment, while upon the part of the appellant it is insisted that there was an extension of the time for the payment of the dues until and including the 5th day of January, 1880.

In the case of *Sweetser* v. *Odd Fellows, etc., Ass'n,* 117 Ind. 97, it was said by the court, that "It is abundantly settled that an insurance company will be estopped to insist upon a forfeiture, if, by any agreement, either express or implied by the course of its conduct, it leads the insured honestly to believe that the premiums or assessment will be received after the appointed day. The decisions which hold and enforce this view are very numerous," and numerous cases are cited.

It is further said: "Forfeitures are not favored in the law, and courts, in order to avoid the odious results of a forfeiture, are not slow in seizing hold of such circumstances as may have been acted upon in good faith, and which indicate an agreement on the part of the company, or an election, to waive strict compliance with the conditions and stipulations in the policy. Continuing a policy in force and accepting payment of premiums thereon, with full knowledge of facts which, according to a condition of the contract, make it voidable, is a waiver of the condition." In speaking of receiving payment of assessments after date named, the court further said in that case: "The company will not be heard to assert a forfeiture after the death of the assured, when, by its course of dealing with him, it may have induced him to believe payment might be made within sixty days after the

receipt of notice." *Michigan, etc., Ins. Co.* v. *Curtis*, 128 Ind. 25.

Section 37 of the by-laws provides that " lapsed members may be reinstated at any time within thirty days after lapse on payment of all back dues and giving a certificate of good health. After sixty days from lapse ex-members will be required to pay half the usual membership fee, be re-examined at their own expense and re-accepted by the association the same as a new member. The income of all restorations will be passed to the credit of expense funds."

It is contended that the payment of former monthly dues, after the lapse of the days of grace, was accepted under the provision of section 39 by a waiver of the certificate of a physician as to the good health of the insured by his appearing in person and answering as to his good health ; and therefore the fact that the dues were paid after the lapse of days of grace has no bearing upon the question as to whether or not there was an understanding or agreement to accept dues after the expiration, and a waiver of any forfeiture by the company in case the assessment or dues were not paid within the time.

There is no admission or evidence conclusively showing that the former dues, which were paid after the expiration of the days of grace, were paid under the provisions of section 39, and the insured reinstated. The jury may have very properly found from the evidence that the policy was continued in force and the dues accepted after the days of grace had elapsed. The evidence shows that the dues for each month from the date of the issuing of the certificate up to the December instalment were paid after the lapse of the days of grace, and that they were accepted by the officers of the company and the policy continued in force.

There is also evidence tending to establish the fact that one George W. Joseph, the agent of the association, visited the insured when the December instalment of dues was payable and requested their payment, and agreed upon an

Painter *v.* The Industrial Life Association.

extension of time for the payment of the same until on January 5th, 1880, or, in other words, waived its payment until on that date.

It is insisted that Joseph was a mere special or local agent, and not authorized to extend the time for payment of monthly dues.

Joseph was appointed agent by written contract. The purport of the writing designated him as a special agent for the territory of Indiana, and enumerated certain of his duties, such as soliciting applications for membership, collecting membership fees, to organize local aid associations, appoint sub-agents, and in addition thereto it provided that he was " to assist in working within the territory hereby assigned, and to do and perform such other acts and things as may be necessary to build up the interests and defend the rights of said life association in said territory." This contract gave to Joseph the general power to do and perform such acts and things as were necessary to build up the interests and defend the rights of the company.

Mr. McCune, a witness, testified as to a conversation which took place between Mr. Morrison, at the time president of the association, and himself, in which Mr. Morrison said that it was the duty of the agent that solicited the person who was assured, to look after and take care of their interests in the policy.

The question as to whether or not this was a waiver of the time of payment on the part of the appellee, and the insured allowed to pay the same on the 5th day of January, 1880, was a fact for the jury to determine from the evidence. If the fact as to whether such extension was agreed to or not was to be determined alone on the construction to be placed upon the writing appointing Joseph an agent, then it would resolve itself into the construction of the writing by the court; but we think the general clause in the writing authorized Mr. Joseph to waive the date of payment if he deemed it for the best interest of the company, and this con-

tract, together with the other evidence in the case, authorized the jury to find that there was a waiver of the time of payment, and a consent to accept the payment on the 5th day of January, 1880, which would allow the payment during business hours of that day, and until that time expired the policy would be in full force, and upon that day the insured died, and the beneficiary is entitled to recover the amount due on the policy.

As said by the court in *Sweetser* v. *Odd Fellows, etc., Ass'n, supra*, forfeitures are not favored in law, and such continued course of dealing between the insurer and the insured as would lead the insured to honestly believe that the dues would be accepted within a reasonable time after the same became due, and if paid within such reasonable time, no forfeiture would be declared, the company would be estopped from declaring a forfeiture within a reasonable time after the dues became payable, and the policy would continue in force during that time.

As we have stated, while but a short time had elapsed since the issuing of the policy, yet the monthly dues for each month during the time the dues had been accepted after the expiration of the days of grace, and no forfeiture had been declared, and in addition thereto an agent of the association, having authority to do all acts and things necessary to build up the interest and defend the rights of the association, had waived the right to declare a forfeiture, and to have the December dues paid within the time fixed for the payment of the same. It is clearly for the benefit of the company to continue the policies in force, and to have the dues paid by the insured. The authority of the agent, Joseph, was a general authority.

We have considered the case on the theory that section 33 of the by-laws, fixing the time for payment of dues and providing for a forfeiture in case of non-payment, was introduced in evidence and is properly in the record, although this is denied by counsel for appellant, they insisting that this sec-

tion was not introduced in evidence, while counsel for appellee insist that it was put in evidence, and refer to an agreement between counsel to the effect that so much of the by-laws as either party cared to use might be considered in evidence; but section 33 does not seem to have been offered in evidence, nor does it appear that either counsel made known their desire to use said section during the trial, but even treating the section as having been put in evidence, we regard the evidence as supporting the verdict. If, however, the section is not in evidence) and we are inclined to think that it is not), then there is nothing in the record showing any right on the part of the appellee to declare a forfeiture prior to the death of the assured.

Counsel for appellee assigned as reasons for a new trial the admission of certain evidence given by one H. B. McCune, a witness, in answer to questions 14, 15 and 16 propounded to him, in answer to which he testified to what Mr. Morrison, the president of the association, said relating to the payment of the December instalment of dues.

The witness, Mr. McCune, was the administrator of the estate of Mr. Painter, deceased, and took the policy and called on Mr. Morrison, the president, at the solicitation of the widow, the appellant, in reference to the payment of the policy, and said to him that Mr. Joseph had called on Mr. Painter for the dues, and Mr. Morrison and the witness argued the case as to whether it would be right for Mr. Morrison to pay the policy or not, and as to Mr. Joseph going to see Mr. Painter, and wanting to take the money from him and send him a receipt. And the witness testified further that his recollection was that Mr. Morrison said that the money would have been received, and that Mr. Morrison told the witness that it was the duty of the agent that solicited the person who was assured to look after and take care of their interest in the policy.

There was no error in the admission of this evidence when taken in connection with the other facts in the case, that

Joseph was the agent who solicited this insurance, the dues for each month were paid and accepted after the expiration of the days of grace, and the general authority of the agent Joseph to do such acts as were for the benefit of the association. It tended to show that Joseph not only had authority to act in the capacity which he did, but that it was regarded by the president, the principal officer of the company, as a part of the duty of Joseph to look after policyholders and endeavor to have them to pay up their dues, and as showing a willingness on the part of the president to have accepted payment of the dues after the expiration of the days of grace, and showing a lack of disposition on the part of the president to declare a forfeiture on failure to pay dues within the time fixed.

The conclusion we have reached is that the superior court in general term erred in reversing the judgment at special term.

The judgment is reversed, at costs of appellee, with instructions to the superior court to affirm the judgment at special term.

