WORKINGMEN'S MUTUAL PROTECTIVE ASSOCIATION OF BENTON HARBOR, MICHIGAN, *v.* LEVERTON.

[No. 22,081.   Filed June 18, 1912.]

1. APPEAL.—*Review.*—*Conflict of Testimony.*—*Conclusiveness of Finding.*—The finding of the trial court on conflicting testimony will not be disturbed on appeal. p. 152.

2. INSURANCE.—*Forfeiture for Nonpayment.*—*Waiver.*—An insurer will be estopped to insist upon a forfeiture for nonpayment of premiums, if, by any agreement, either express or implied by the course of its conduct, it leads the insured honestly to believe that the premiums will be received after the appointed day. p. 153.

From Huntington Circuit Court; *Samuel E. Cook,* Judge.

Action by Anna Leverton against the Workingmen's Mutual Protective Association of Benton Harbor, Michigan. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.)    *Affirmed.*

*Ray McAdams, Lee J. Hartzell* and *R. K. Erwin,* for appellant.

*James C. Branyan, Wilbur E. Branyan* and *William A. Branyan,* for appellee.

SPENCER, J.—Action on an insurance policy. Trial by court. Special finding of facts, conclusions of law thereon, and judgment for appellee. Motion for a new trial. The only error contended for by appellant is the action of the court in overruling the motion for a new trial, upon the ground of insufficiency of evidence to support the judgment.

The contention is that the evidence does not show that appellee paid the last premium, as required by the express terms of the contract. Upon this question there was a conflict in the evidence. It discloses that the policy was conditioned upon the payment of premiums before the fifteenth day of each month. There was evidence that the general agent of appellant had waived a strict compliance with this condition, by accepting premiums after the fifteenth of the month, and by authorizing a subagent to so accept such monthly premiums, and remit the same to the home office of the appellant after such time, and that such actions of the general agent and the subagent were approved, sanctioned and ratified by the appellant.

Although there was a conflict of testimony, this court will not undertake to reconcile the conflict or weigh

1. such evidence, but is bound to respect the finding of the lower court.

This court, speaking by Jordan, J., in the case of *Ray*

v. *Baker* (1905), 165 Ind. 74, 91, 74 N. E. 619, said: "Were we to attempt, under such circumstances, to reconcile and weigh the evidence and interpose our judgment in the case for that of the lower court, great injustice might result." *Parkison* v. *Thompson* (1905), 164 Ind. 609, 73 N. E. 109, 3 Ann. Cas. 677; *Liebole* v. *Traster* (1908), 41 Ind. App. 278, 83 N. E. 781; *United States, etc., Paper Co.* v. *Moore* (1905), 35 Ind. App. 684, 72 N. E. 487, 74 N. E. 1094; *Over* v. *Dehne* (1906), 38 Ind. App. 427, 75 N. E. 664, 76 N. E. 883; *Maitland* v. *Reed* (1906), 37 Ind. App. 469, 77 N. E. 290.

This court, speaking by Mitchell, J., in *Sweetser* v. *Odd Fellows, etc., Assn.* (1881), 117 Ind. 97, 100, 19 N. E. 722, said: "It is abundantly settled that an insurance

2. company will be estopped to insist upon a forfeiture, if, by any agreement, either express or implied by the course of its conduct, it leads the insured honestly to believe that the premiums or assessments will be received after the appointed day. The decisions which hold and enforce this view are very numerous." "Forfeitures are not favored in the law, and courts, in order to avoid the odious results of a forfeiture, are not slow in seizing hold of such circumstances as may have been acted on in good faith, and which indicate an agreement on the part of the company, or an election, to waive strict compliance with the conditions and stipulations in the policy. Continuing a policy in force and accepting payment of premiums thereon, with full knowledge of facts which, according to a condition of the contract, make it voidable, is a waiver of the condition." *Painter* v. *Industrial Life Assn.* (1891), 131 Ind. 68, 30 N. E. 876; *Lime City Bldg., etc., Assn.* v. *Black* (1893), 136 Ind. 544, 35 N. E. 829; *Rutherford* v. *Prudential Ins. Co.* (1905), 34 Ind. App. 531-539, 73 N. E. 202.

Our conclusion is that there is no reversible error in the record. Judgment affirmed.

NOTE.—Reported in 98 N. E. 871. See, also, under (1) 3 Cyc. 357; (2) 25 Cyc. 867, 870; 7 Ann. Cas. 385. As to estoppel on a beneficial association to deny waiver of requirement that the assessments be paid promptly, see 52 Am. St. 549. As to the waiver by officers of subordinate lodge of forfeiture for nonpayment of assessments, see 4 L. R. A. (N. S.) 421, 38 L. R. A. (N. S.) 571. As to waiver by subordinate lodge of right of benefit association to insist upon forfeiture of benefit because of violation of laws of association, see 10 L. R. A. (N. S.) 136.