# New York Life Insurance Co. *v.* Smith.

*Action upon Life Insurance Policy.*

1. *Life insurance; when policy not rendered void by failure to pay note for premiums.*—A ..... insurance policy, after setting out the provisions as to the manner of making the payment of premium, further stipulates that "If any premium is not thus

paid on or before the day when due then (except as herein-
after otherwise provided), this policy shall become void." It
was further provided in said policy as follows: "After this
policy shall have been in force three full years, in case of
non-payment of any premium subsequently due, and upon the
payment within thirty days thereafter of any indebtedness to
the company on account of this policy, and provided the policy
has not been terminated by death within the month of grace
allowed in the payment of premium (1) the insurance will be
extended for the face amount as provided in the table below,"
etc. *Held*: That the note given by the policy holder and ac-
cepted by the company in payment of the premium is not "an
indebtedness to the company on account of " said policy, as
provided in said last stipulation, and if said note is given
after the policy has been in force three years, and there is a
failure on the part of the assured to pay the premium accru-
ing after the giving of said note, the assured would never-
theless be entitled to extended insurance as provided by said
table, and if he died during the time included in the extended
insurance, the beneficiary named in the policy could recover
thereon.

APPEAL from the Circuit Court of Geneva.

Tried before the Hon. JOHN P. HUBBARD.

This was a suit brought by the appellee, Mrs. Florence
G. Smith, against the New York Life Insurance Com-
pany, to recover $2,200 upon a life insurance policy is-
sued by the defendant to Malcolm C. Smith, who was the
husband of the plaintiff, and who had died. The cause
was tried upon issue joined upon the plea of the general
issue. The defense interposed and the facts of the case
are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the court at
the request of the plaintiff gave to the jury the general
affirmative charge in her behalf. To the giving of this
charge the defendant duly excepted, and also excepted to
the court's refusal to give the general affirmative charge
requested by it.

There were verdict and judgment for the plaintiff. The
defendant appeals, and assigns as error the giving of the
general affirmative charge requested by the plaintiff, and
the refusal to give the general affirmative charge request-

ed by the defendant, and the rendition of judgment in favor of the plaintiff.

BIBB GRAVES, for appellant.—By operation of that general forfeiture clause, upon the non-payment of the premium due July 21, 1898, within the time allowed, this policy became lapsed and forfeited, and the payments previously made thereon remained the property of the company.—*Insurance Co. v. Buxer*, 62 Ohio St. 385; *Union Central L. Ins. Co. v. Wilkes*, 92 Texas.

MULKEY & CARMICHAEL, *contra*.

SHARPE, J.—On the 21st day of July, 1894, defendant issued a policy of insurance whereby the payment of two thousand dollars was assured to the plaintiff on the death of her husband, Malcolm C. Smith, upon consideration of seventy dollars paid in advance and seventy dollars to be paid on the 21st day of July each year thereafter until twenty years' full premiums were paid. In one of the provisions of the policy a manner of making such payments was prescribed and it was stated that "If any premium is not thus paid on or before the day when due then (except as hereinafter otherwise provided), this policy shall become void, and all payments previously made shall remain the property of the company." Another provision was as follows: "After this policy shall have been in force three full years, in case of non-payment of any premium subsequently due, and upon the payment within thirty days thereafter of any indebtedness to the company on account of this policy, and provided the policy has not been terminated by death within the month of grace allowed in the payment of premiums (1) the insurance will be extended for the face amount as provided in the table below; or (2) on demand made within six months after such non-payment of premium due, with surrender of this policy paid-up insurance will be issued for the reduced amount provided in said table; or (3) the policy will be reinstated within the said six months, upon payment of the overdue premium with interest at the rate of five per cent. per annum, if the in-

sured is shown by evidence satisfactorily to the company to be in good health." Next following is what purports to be a "Table of Guarantees, if payment of premiums is discontinued, provided there is no indebtedness against the policy (pursuant to the insurance law, Chapter 690, laws of 1892, of the statute of New York.)" This table contains a statement based on the payment of premiums to given dates, first, of the time to which the insurance of two thousand dollars (without participation in profits) would be extended, and second, of the amount of paid up insurance into which the policy might be converted. Besides the requirement for paying premiums when due, there is in the instrument a provision for loans to be made by the company on the security of the policy and one for allowing one month as grace in the payment of premiums on consideration that during such month the unpaid premium should bear interest and remain an indebtedness to the company subject to deduction from the insurance in case of death.

The first three premiums due respectively in 1894, 1895, and 1896, were duly paid, and on July 21st, 1897, plaintiff and her husband and another gave their note, which, as the bill of exceptions states, "defendant accepted in payment" of the fourth premium then due, and defendant gave its receipt as for such payment. That note was in its body as follows: "$70.00. July 21st, 1897. Twelve months after date I promise to pay to the order of the New York Life Insurance Company, at the office of said company in the city of New York, the sum of seventy dollars, with interest, for value received, being for premium on the policy numbered as below, upon the life of M. C. Smith. It is understood and agreed, that if this obligation should not be paid before the said policy becomes a claim, the amount thereof shall be deducted from the policy, or if said policy shall be surrendered to the company and a paid up policy issued in lieu thereof, said paid up policy shall be subject to this or any other similar note or notes then outstanding, with interest thereon payable annually in advance." On the note was written the number of the policy and the words, "Inter-

est paid in advance $3.50." No other payment was ever
made on this note, nor was the premium due July 21st,
1898, or any subsequent premium ever paid. After six
months from the last mentioned date, defendant declar-
ed the policy forfeited and thereof gave to Malcolm C.
Smith a written notice dated February 9th, 1899, as fol-
lows: "Dear Sir: Re policy No. 625193. The above pol-
icy has been cancelled on our books, non-payment of pre-
miums due July 21, 1898. According to the terms of the
policy, if it had been surrendered to the company within
six months from the foegoing date, paid up insurance for
a reduced amount would have been issued. As you have
not complied with this condition, the policy by its terms
has become void and of no effect. It seems to us that you
cannot be aware that through your failure so to comply,
all your privileges under the policy have terminated. In-
fluenced however by a desire to extend every possible
privilege to those who have been members of this com-
pany, we are led to place at your disposal for the period
of thirty days from this date, the option of either of the
following propositions: 1. The company will consider
the reinstatement of the policy at the original premium
rate, upon presentation of evidence of sound health satis-
factory to the company, and payment of over due prem-
iums with interest; or, 2, upon return of the policy and
renewal receipts together with a written request signed
by the beneficiary, the policy will be endorsed for non-
participating paid-up insurance of $160.00, the company
cancelling the outstanding notes and interest. If you
wish to avail yourself of one of these offers which have
been made voluntarily, it will be necessary to notify the
company in writing, stating which option is desired and
comply with the condition indicated above within thirty
days from the date of this letter, otherwise, at the end of
that time the option will terminate without further no-
tice."

No application was made for a paid up policy. Mal-
colm C. Smith died on the 29th day of August, 1900, and
due notice and proof of death was furnished defendant.
The death was within the period limited by the provision
for extending the insurance at the full amount of the

policy in case of forfeiture after three years, and judgment was obtained under that provision.

Defendant's contention here is, that all right to such extension of insurance was destroyed by the failure to pay the note referred to within thirty days after default in the payment of the premium due July 21st, 1898. The facts being undisputed, the case calls for a construction of the contract in respect, merely, of whether the preservation of the right to the extension claimed, was made dependent upon payment of the note. In the application for insurance there is expressed an agreement that the contract should be "construed according to the laws of the State of New York," but the construction must be without reference to those statutes, since judicial knowledge does not extend to them and none of same has been introduced in evidence. We pass without deciding the question whether the provision for paying within thirty days "indebtedness to the company on account of this policy" or "against the policy" should be regarded as embodying a material stipulation, and proceed to consider whether the indebtedness evidenced by the note was within that class. The express provisions for the accrual of indebtedness, all of which are above referred to, do not include notes taken in payment of premiums nor does the original contract in any part provide that such notes might or would be accepted or used instead of money payments, or that if taken they would be held or used in opposition to or for the defeat of the insurance in any event.

The terms "indebtedness on account of this policy," and "indebtedness against the policy," are used in the contract as expressing the same thing, and if one of them bears an import less favorable to the defendant than the other, that import must be adopted as the true one. This for the reason that, presumably, the instrument was prepared and its expressions guarded by defendant with a view to availing itself of any construction that would militate unduly against its interest.—*Peidmont & Co. v. Young,* 58 Ala. 476; *Georgia Ins. Co. v. Allen,* 119 Ala. 436.

[New York Life Insurance Co. v. Smith.]

This note was held against the plaintiff, but was it against the policy within the meaning of the contract? By it the policy had been freed from the premium charge of 1897 and from liability to forfeiture on account of that premium, and it contains no agreement for forfeiture of any right to insurance in case of its non-payment. The stipulations inserted therein for deducting its amount from the policy if the latter becomes a claim, was merely to provide a way for ultimate collection out of the proceeds of the policy and could not operate except in recognition of the policy as a claim, nor could the provision therein made for subjecting such unpaid policy as might be issued, to the note, have had any operation as against the original policy. The above copied notice of defendant to Mr. Smith indicates that payment of the note was not by defendant considered necessary to the preservation of the secondary right which accrued upon the forfeiture of the original form of insurance, for the provision as to paying indebtedness in thirty days from forfeiture applied alike to each of those rights and in the notice defendant admitted that according to the terms of the policy a paid up policy would have issued had the first been surrendered within six months from July 21ˢᵗ 1898, and in that communication no reference was made to non-payment of the note. The terms used in the contract to designate the kind of indebtedness intended to be provided for by the clause in question are ambiguous, and, therefore, the position taken by the defendant as defined in the notice mentioned may be looked to as aiding in the construction of the contract.—*Comer v. Bankhead.* 70 Ala. 136; *Haddock v. Wood,* 46 Iowa 433; *Paige v. Banks,* 80 U. S. 607; *St. Louis Gas Light Co. v. St. Louis,* 46 Mo. 121; *Webster v. Clark,* 34 Fla. 637; 27 L. R. A. 126.

Upon these considerations we are brought to the conclusion, that the payment of the note was not a condition precedent to plaintiff's right to insurance for the time limited by the table embodied in the contract; and that the trial court did not err in giving the affirmative charge for the plaintiff.

Affirmed.