Posting Co., 129 N. Y. Supp. 740. In those cases a majority of the entire court reached the conclusion that the instruments there under consideration were neither leases nor licenses, but that they created an interest in the nature of an easement in gross. In this case it is of little consequence, so far as the result is concerned, whether the paper is called a lease, a license, or an easement, since there was contained in it. an express agreement that, if the sign painted upon the wall was obstructed, the money should be returned for the unexpired time. Certainly the result of painting over the sign painted by plaintiff was an obstruction of it.

It is not important in this case to determine whether the interest conferred by the instrument under consideration was assignable or not. Although an indorsement appears upon the back of the paper indicating an intention to assign the same, there is no proof either of the execution or delivery of it, and the fact that the instrument remained in the possession of plaintiff, and was produced by him upon the trial, would indicate that the proposed assignment had never been carried out.

It may be proper to observe, also, that while the definition of an easement, contained in the opinion of Judge Vann in G. L. & P. J. R. R. Co. v. N. Y. & G. L. R. R. Co., 134 N. Y. 435, 31 N. E. 874, applies to an easement in favor of a dominant against a servient tenement, manifestly it was not intended to and does not refer to an easement in gross.

JENKS, P. J., and RICH, J., concur.

---

PERRY v. PRUDENTIAL INS. CO. OF AMERICA.

(Supreme Court, Appellate Division, Second Department. May 26, 1911.)

1. PLEADING (§ 403*)—WAIVER OF DEFECTS—CURE BY ANSWER.

While technical objection might have been made that an action was not brought on a nonparticipating paid-up term policy, but on the original policy which had become forfeited, where the answer alleged that such nonparticipating policy was issued, the objection is waived.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1343–1347; Dec. Dig. § 403.*]

2. INSURANCE (§ 367*)—LIFE INSURANCE—MODIFICATION OF POLICY—EXTENDED INSURANCE.

A policy provided that the insured might borrow from the company a specified amount in accordance with the company's loan certificate, and, if after three years it should lapse or become forfeited, it might be surrendered for a nonparticipating paid-up policy, or the company might issue a nonparticipating policy as indicated by a table for extended insurance. The table provided that, when premiums had been paid for eight years, the insurance should be extended 7 years and 26 days. The premiums were paid for eight years. The insured borrowed the stipulated sum and executed a loan certificate, modifying the loan agreement and the rules of the company, so that the period of extended insurance was reduced to one year and eighty-one days from the lapse of the policy, which occurred May 9, 1908. The insured died May 24, 1910, and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

within the time named in the policy as the extended period. *Held*, that the extension period as fixed by the loan certificate applied and had expired before the death of the insured.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 935, 938; Dec. Dig. § 367.*]

3. INSURANCE (§ 367*)—LIFE INSURANCE—EXTENDED INSURANCE.

Where a policy provided that the tables, both as to the amount to be loaned and the period of extended insurance, applied to the original sum insured only, and that, if the sum insured is increased by dividends or otherwise, the benefits will be increased, but any indebtedness placed on the policy will operate to reduce the benefits, which were as to the amount of the loan and as to the extended period of insurance, it amounted to an agreement that, in case of a loan on the policy, these benefits would be reduced.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 935, 938; Dec. Dig. § 367.*]

4. INSURANCE (§ 367*)—LIFE INSURANCE POLICY—ASSIGNMENT—LAPSE.

A loan certificate, in connection with a life insurance policy, providing for an assignment of the policy, and that if the policy should lapse, or become forfeited, the amount of the loan would operate "to reduce the term of extended insurance guaranteed by the terms of the policy, in accordance with the rules of the company," became a part of the insurance contract, and the arrangement was a just one.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 367.*]

5. INSURANCE (§ 4*)—FORM OF POLICY—STATUTE—RETROACTIVE EFFECT.

Insurance Law (Consol. Laws 1909, c. 28) § 58, providing that nothing shall be incorporated in a policy referring to the constitution, by-laws, rules, applications, or other writings, unless indorsed upon the policy when issued, applies only to policies issued on or after January 1, 1907, hence has no application to a policy issued in 1900.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 4.*]

Appeal from Special Term, Kings County.

Action by Mamie E. Perry against the Prudential Insurance Company of America. From an order of the Special Term for judgment on the pleadings, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

Samuel Silbiger (R. W. Kathan, on the brief), for appellant.
Alfred M. Bailey (Solon Weit, on the brief), for respondent.

BURR, J. Plaintiff's motion for judgment on the pleadings was properly denied.

The complaint alleges the issuing by defendant on the 9th day of February, 1900, of a policy insuring the life of Percy Elmore Perry, in the sum of $1,000, payable to the plaintiff. The policy contained a provision that the insured might borrow from the company the amount specified in a table which was indorsed thereon by making written application for the loan, and assigning the policy to the company as security, in accordance with the terms of the company's loan certificate. The table referred to provided that a person at the age of 25, after paying eight premiums, might borrow $54. The policy also contained a provision that, if after being in force for three full years it should lapse or become forfeited for the nonpayment of any pre-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

mium, it might be surrendered for a nonparticipating paid-up life policy, or, if not surrendered for a paid-up life policy, the company would write in lieu of such policy, and without any action on the part of the insured, a nonparticipating paid-up term policy for the full amount insured thereby, and to continue in force for the term indicated by another table described as a table of extended insurance. This table of extended insurance provided that, where premiums had been paid for eight years, the insurance should be extended for seven years and twenty-six days. The premiums were paid for eight years. The insured died May 24, 1910, and within the time named as the extended period.

Plaintiff claims that the deceased was entitled to a nonparticipating paid-up term policy, that the period of extended insurance therein provided for had not expired, and therefore that she was entitled to recover. Technical objection might have been made that this action is not brought upon the nonparticipating paid-up term policy, but upon the original policy which had become forfeited.

[1] Inasmuch, however, as the answer alleges that such nonparticipating paid-up term policy was issued, we think that this question may be waived. Defendant's answer sets up that on the 20th day of February, 1908, the insured borrowed from defendant the sum of $54, and that he and the plaintiff executed in connection therewith a loan certificate, and that the provision for extended insurance referred to in the foregoing table is modified by the loan agreement, the rules of the company, and the terms in connection therewith, so that, by reason of this loan, the period of extended insurance was reduced to one year and eighty-one days from the date of the lapse of the policy, May 9, 1908, which period had expired before the death of the insured.

[2] We think that this contention is correct. The agreement in the policy as to the loan was that it should be in accordance with the terms of the company's loan certificate. Defendant did not contract to make a loan upon any other terms. The policy also provided that the tables, both as to amount to be loaned and the period of extended insurance, applied to the original sum insured only. It provided that, if the sum insured is increased by dividends or otherwise, the benefits will be increased, but any indebtedness placed on the policy will operate to reduce the benefits. The benefits referred to were, first, as to the amount of the loan, and then as to the extended period of insurance.

[3] The parties therefore agreed that, in case of a loan on the policy, these benefits would be reduced. The loan certificate provided for an assignment of the policy, and among other things provided that, if the policy should lapse or become forfeited in any manner, the amount of the said loan should operate "to reduce the term of extended insurance guaranteed by the terms of said policy, in accordance with the rules of the company." The answer also set out the rules in force providing for the calculation of such reduction showing the period of extension, as hereinbefore set forth.

[4] This was clearly within the contemplation of the parties and
129 N.Y.S.—48

.made a·part of the contract, and, of course, there is a justice in this arrangement, for the reason that, when the company makes its loan upon the policy, the value of the policy has been thereby reduced, and it·could ill afford to carry the policy for as long an extended period as if it had advanced no money thereupon. Appellant contends that this construction .is in violation of section 58 of the insurance law, to the effect that nothing shall be incorporated in a policy by reference to the constitution, by-laws, rules, applications, or other writings, unless the same is indorsed upon or attached to the policy when issued, and that, therefore, the terms of the loan certificate and the rules of the company adopted in connection therewith cannot be made a part of this contract.

[5] It is enough upon that point to say that this policy was issued in February, 1900, and that section only applies to policies issued on and after the 1st day of January, 1907.

Upon the pleadings the defendant has a complete defense to the action.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.