## Fidelity Mutual Ins. Co. *v.* Oliver.

[71 South. 302.]

1. INSURANCE. *Life policies. Contracts. Extended insurance.*

Where a life policy provided that if any premium should not be paid when due, the policy should lapse after thirty days, but could be revived if the insured, being in good health should present a reinstatement certificate, which reinstatement was subject to the approval of the president or vice president and medical director of the insurer. In such case the contract is the law of the case and the policy automatically lapsed when the insured failed to pay either the premium or the interest on a policy loan within the time fixed by the agreement of the parties, and was not revived by the application of insured for reinstatement and tender of the amount due, where such application was never approved by the officers authorized to do so under the terms of the policy.

2. INSURANCE. *Life policies. Extended insurance.*

Where insured, who had paid more than three years premiums on a life policy, procured a loan to the full value of the policy and then defaulted in the payment of the interest premiums and principal, the insurance was not extended under a nonforfeiture clause providing that after three full years premiums should have been paid, the policy should be automatically extended on nonpayment, provided it should be free from debt, since in such case the policy was not free from debt.

APPEAL from the circuit court of Sunflower county.

Hon. R. C. McBee, Special Judge.

Suit by Mrs. Rena C. Oliver against the Fidelity Mutual Insurance Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Moody & Williams,* for appellant.

*F. E. Everett,* for appellee.

COOK, P. J., delivered the opinion of the court.

The appellee recovered a judgment on a life insurance policy written by the appellant upon the life of her husand, she being the beneficiary named in the policy. The insurance company appeals. For the purposes of this appeal the case is presented to this court upon an agreed statement of facts.

The policy was issued on March 4, 1902, and remained in full force and effect up to March 4, 1912. The assured paid ten full years' premiums. On the 4th day of March, 1911, the company loaned the assured five hundred and sixty dollars, which was the loan value of the policy, and the assured on the same date paid one year's premium and one year's interest on the loan in advance. According to the contract, interest on the loan was to be paid in advance, and the second payment thereof was due March 4, 1912, as was also the premium on the life insurance. The assured did not pay the premium or the interest when due.

"On the 25th day of April, 1912, the appellant notified Mr. Oliver that his policy had lapsed and suggested that he make application for reinstatement. Thereafter, on the 14th of October, 1912, Mr. Oliver, being in Jackson, made an application for a reinstatement of this policy and delivered the same to Messrs. Ragland and Anderson, the managers of the company at that place, who forwarded the same to the reinstatement department of the company. On the 25th day of October, 1912, Messrs. Ragland and Anderson wrote Mr. Oliver a letter, bearing that date, which stated, in substance, that the company had advised them that the amount necessary to be paid, before the policy could be put in good standing, was one hundred and fifty-four dollars and fifty-four cents. They suggested that he remit that amount and stated to him that if the policy should not be reinstated the remittance would be returned to him. This letter was received in Indianola on the 26th of October, 1912, and I. A. Oliver,

a brother of A. W. Oliver, the latter being sick in bed at the time, wrote Messrs. Ragland and Anderson, inclosing them a check to cover the amount to be paid on the policy, one hundred and fifty-four dollars and fifty-four cents. This letter, with the check inclosed, was received by Messrs. Ragland and Anderson on the 27th of October, 1912, and on that day A. W. Oliver died. However, by letter dated the 28th day of October, Messrs. Ragland and Anderson wrote Mr. I. A. Oliver, they not being aware of Mr. A. W. Oliver's death but still being aware that he was ill when the letter addressed to them was written, that in view of Mr. A. W. Oliver's illness the company would not be able to approve his application for reinstatement at that time. However, the check inclosed by Mr. Oliver was forwarded to the company, but it was never collected by it. This check was, by the company, after it had been advised of Mr. Oliver's death, returned to Mr. I. A. Oliver at Indianola, in a letter dated the 13th of November, 1912.

"Afterwards, on the 7th of June, 1913, a check for five hundred and ninety-five dollars and sixty-three cents was forwarded to the company by Judge Everett, as attorney for Mrs. Rena C. Oliver, and this check was, by the company, promptly returned to him on the 11th of the same month."

The clauses of the policy pertinent to this appeal are as follows:

"In consideration of the written application of the above-named insured, which is made a part hereof, a copy of which is hereto attached, and the payment in advance to said company of one hundred twenty and 60/100 dollars on the delivery of this policy, and thereafter to the company, at its head office in the city of Philadelphia, upon the fourth day of the month of March in every year during the continuance of this contract."

"If any premium be not paid when due, this policy shall be void until duly reinstated during the lifetime and good health of the insured, but if it shall have been in

force exceeding one year, it shall be extended and remain in force thirty days from due date, and if premium be not then paid with interest for the time taken at the rate of five per cent per annum, or if any obligation given for premium be dishonored or not paid when due without grace, this policy shall be absolutely void, except as provided in the nonforfeiture clause, and after said period of thirty days, or nonpayment of any such obligation, it can only be revived if the insured be in good health upon presentation of a reinstatement certificate signed by said insured, and upon the approval of the same by the president or vice president and medical director, but not otherwise.''

"*Nonforfeiture.*—After three full years, premiums shall have been paid, then, provided this policy be free from debt, upon the nonpayment of any subsequent premium within the thirty days of grace, this policy is automatically extended for the time indicated between the parallel red lines in the table below, computed from the date of nonpayment of premium; or, if this poicy be legally surrendered within three months from the date when such premium became due, the company will issue in exchange a participating paid-up policy for five times the amount specified between the parallel red lines in the table below.''

There seems to be but little, if any, room for doubt as to the law of this case. The contract is the law of the case and it is plain that the policy automatically lapsed when the insured failed to pay either the premium or the interest on the loan within the time fixed by the agreement of the parties.

''The contract of life insurance is really a contract for insurance for one year in consideration of an advance premium, with the right of the assured to continue it from year to year upon payment of the premium as stipulated. The assured is not bound to pay anything, and may drop his policy at the end of any one year. He does drop it

and the company is relieved, if he does not pay.  In such case there is a lapse of the policy.''

This definition of a life insurance contract given ·in *Mutual Life Ins. Co.* v. *Girard Life Ins. Co.*, 100 Pa. 172, precisely states the contract made in the present case. Mr. Oliver did not pay the premium due March 4, 1912, within the time limit fixed in the contract, and his policy by its terms then lapsed.  Mr. Oliver realized that this was true and made written application for a revival of the contract, stating that the policy was ''void by reason of the nonpayment of premium and interest on loan.''  Unfortunately, pending the negotiations for a revival, the assured died.  Of course, it is not within the power of the court to revive the policy—this power rested alone in the parties to the contract.

But it is said the nonforfeiture provision of the policy saves the policy; that more than three years' premiums had been paid by Mr. Oliver, and the time was extended.  The vice of this contention is apparent.  The extension privilege mentioned in this clause of the policy is not met with the facts necessary to its operation.  This policy was not ''free from debt.''  The assured had exercised his option of borrowing the full value of the policy, and there was nothing left to be applied to his debt.

The judgment of the court below is reversed, and the cause dismissed.

*Reversed and dismissed.*