(76 South. 429)

## MERIDIAN LIFE INS. CO. v. HOBBS.
(4 Div. 713.)

(Supreme Court of Alabama. May 24, 1917. Rehearing Denied June 30, 1917.)

INSURANCE ☞367(1)—LIFE INSURANCE—SURRENDER—EVIDENCE—SUFFICIENCY.

A life policy provided for continuance after payment of premiums for three full years, "provided that any unpaid note given for a premium and any existing indebtedness to the company on account of or secured by this policy shall reduce the amount of such extended insurance in the ratio of such indebtedness to the net value of such extended insurance." The insured paid four annual premiums, and was entitled to extended insurance, paid-up insurance, or a loan. Shortly after the payment of a fourth premium, and prior to default in payment of the fifth

premium, insured borrowed from the company the full loan value of the policy, and under the terms of his note secured the same with the policy. *Held* that, on default in the fifth premium, there was nothing due insured with which to purchase extended insurance, and the policy lapsed.

McClellan, Gardner, and Thomas, JJ., dissenting.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Action by Clara C. Hobbs against the Meridian Life Insurance Company. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under section 6, p. 450, Acts 1911. Reversed and remanded.

Plea 2 sets up the policy and alleges the payment of the first four annual premiums, and that by the terms of the policy it is provided that, after the payment of annual premiums for three or four years, the insured may have extended insurance, or paid-up insurance, or a loan, or a cash payment upon the surrender of the policy, as set forth in the table of options contained in the policy. The option set forth is extended insurance for 4 years and 206 days, or to paid-up insurance of $157, or to a loan of $78, or to a cash payment of $78, upon surrender of the policy. It is alleged that the insured exercised his right under the table of options, and procured a loan from said company on said policy for the full loan value thereof, to wit, $78, which loan was evidenced by the loan agreement, which is attached to the plea; said agreement being executed by the insured and the beneficiary in the policy, plaintiff in this case. The plea then sets up the failure to pay the fifth premium, and the lapsing of the policy because thereof, and that, by reason of having borrowed the full value of the policy, insured was not entitled to any extended insurance because of his failure to pay the fifth annual premium. Then follows the nonforfeiture provision set out in the opinion, but it alleges that there was an unpaid note as evidenced by the loan agreement as heretofore set out. The plea also sets up the fact that the sixth annual premium was not paid. Amended pleas A and B sufficiently appear from the opinion.

John Weaver, of Indianapolis, Ind., and L. C. Leadbeater, of Birmingham, for appellant. W. O. Mulkey, of Geneva, for appellee.

ANDERSON, C. J. The defendant's special pleas set up in varying form a lapse of the policy prior to the death of the insured under the proviso to the nonforfeiture clause of the policy contract, which said contract was made an exhibit to the pleas. It appears that the insured paid four annual premiums, and under the table of options he was entitled to extended insurance for face value of the policy for 4 years and 206 days, to paid-

up insurance for $157, or to cash or a loan to the extent of $78. It also appears that he defaulted in the payment of the fifth and succeeding premiums, and that he borrowed from the company, shortly after payment of the fourth premium and prior to the default in the payment of the fifth premium, the full loan or cash surrender value of the policy, $78, and under the terms of his note secured the same with the policy. So much of the nonforfeiture clause of the policy as is essential to a decision of the question involved in this case reads as follows:

"*Nonforfeiture Provision.*—If after the premiums for three full years have been paid there shall be a default in the payment of any premium when due, this policy being then in force, the company, without any action on the part of the insured, will continue this policy in force as paid-up nonparticipating term insurance for the term specified in the table of options for the end of the last year for which full annual premiums shall have been paid: Provided, that any unpaid note given for a premium, and any existing indebtedness to the company on account of or secured by this policy, shall reduce the amount of such extended insurance in the ratio of such indebtedness to the net value of such extended insurance."

It must be noted that the indebtedness incurred is not confined to any unpaid note, or indebtedness for unpaid premiums, but to any note or existing indebtedness on account of or secured by the policy, and the loan to the insured was not only evinced by a note, but was secured by the policy. Therefore, as the insurer had loaned to the insured the full amount of the cash surrender value of the policy, and which the pleas aver was the net value of said extended insurance, so that at the time of the default such surrender value was just sufficient to satisfy the loan, there was nothing due the insured with which to purchase extended insurance. To hold otherwise would not only violate the plain and unambiguous terms of the contract, but would, in effect, fasten upon the company an obligation for extended insurance without premium or compensation. Mutual Ben. Life Co. v. First Nat. Bank, 115 Ky. 757, 74 S. W. 1066; Black v. Franklin Ins. Co., 133 Ga. 859, 67 S. E. 79; Pavy v. Franklin Ins. Co., 125 La. 262, 51 South. 191; N. Y. Life Ins. Co. v. Slocum, 177 Fed. 842, 101 C. C. A. 56; Perry v. Prudential Ins. Co., 144 App. Div. 780, 129 N. Y. Supp. 751; Dibrell v. Citizens' Nat. Life Ins. Co., 152 Ky. 208, 153 S. W. 428; Sexton v. Greensboro Life Ins. Co., 160 N. C. 597, 76 S. E. 535; Jagoe v. Ætna Life Ins. Co., 123 Ky. 510, 96 S. W. 598. This case presents a policy and conditions quite similar to the one involved in the Kentucky case, supra; only the clause there used the words "full cash surrender value," while the words used in the present policy are "the net value of such extended insurance." We are relieved, however, from determining what is the net value of the extended insurance under the present policy by the averment of the pleas that the amount of the loan which was the loan or cash surrender value was the net value of the extended insurance and if this averment is true there was a lapse and the pleas present a complete defense.

Our case of New York Life Ins. Co. v. Smith, 139 Ala. 303, 35 South. 1004, involved the construction of a different provision from the one here involved. There the clause provided for premiums subsequently due and of the payment within 30 days thereafter of any indebtedness to the company on account of this policy, and it was held that a note given and accepted by the company and a failure to pay same at maturity did not forfeit the policy. Here we have a much broader clause, and which, in effect, provides for a lapse or forfeiture if any unpaid note for a premium and any existing indebtedness to the company on account of or secured by the policy should equal or exceed the net value of the extended insurance, meaning, of course, the cash surrender or loan value of the policy at the time of the default.

The trial court erred in sustaining the demurrer to the defendant's special pleas 2, amended plea A, and plea B, and the judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.

MAYFIELD, SAYRE, and SOMERVILLE, JJ., concur. McCLELLAN, GARDNER, and THOMAS, JJ., dissent.