### LANGLEY v. PRUDENTIAL INS. CO. OF AMERICA.

(District Court, E. D. Washington, N. D.   March 2, 1920.)

No. 3007.

1. **Insurance** ☞125 (2)—**Governed by law of state where delivered.**
    A life insurance policy, delivered in the state where insured resided, became a contract of that state, governed by its laws.

2. **Insurance** ☞367 (2)—**Amount of loan deducted before extended term insurance was computed.**
    A life insurance policy, governed by the laws of New York, which provided that the part of the annual premium remaining unpaid at the maturity of the contract and any other indebtedness to the company should be deducted from the amount payable by the company, and also provided for extended term insurance in case of nonpayment of the premium, which would be reduced by any indebtedness placed on the policy, permits the company, under the laws of that state, to deduct the amount of a policy loan before computing the term of extended insurance.

3. **Insurance** ☞146 (1)—**Construction of ambiguous provision adopted by parties will be followed.**
    Where a life insurance policy was ambiguous as to whether the amount of a policy loan should be deducted before the paid-up premium was computed, the construction placed on the contract by the parties when the loan was made, by providing for such reduction in accordance with the rule of the company, will be accepted by the courts.

At Law.   Action by Cynthia Langley against the Prudential Insurance Company of America.   Judgment directed for defendant.

E. Eugene Davis and Samuel Edelstein, both of Spokane, Wash., for plaintiff.

S. A. Keenan, of Seattle, Wash., for defendant.

RUDKIN, District Judge.   This is an action on an insurance policy.   The case was submitted to the court upon an agreed statement of facts from which the following appears:

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

On the 4th day of March, 1898, William Langley, a resident of Buffalo, N. Y., applied to the defendant for a life policy in the sum of $5,000, and on the 8th day of March following the policy issued pursuant to the application, payable to the wife of the applicant, who is the plaintiff in this action. The policy provided that the insured should be entitled to certain benefits, only two of which are material here:

(1) "After the premiums for three full years have been paid on this policy, the insured may borrow from the company, while the policy is in force, an amount computed according to the table of cash loans on the back hereof, by making written application therefor and assigning the policy to the company as security, in accordance with the company's rules."

(2) "In case of default in the payment of any premium on this policy, after the premiums for three full years have been paid, the company will issue, in lieu of this policy and without any action on the part of the insured, a paid-up term policy for the full amount insured by this policy, and to continue in force for the term indicated by the table of extended insurance on the back thereof: Provided, however, that in case of the death of the insured within three years from the date of such default there shall be deducted from the amount payable by the company the sum of all the premiums that would have become due on this policy if it had been continued in force; or, in lieu of such paid-up term policy, a nonparticipating paid-up life policy will be granted for an amount computed according to the table of paid-up policies on the back hereof, provided this policy is legally surrendered to the company within three months after said default."

On the back of the policy are contained the following provisions:

"Premiums are payable at the home office of the company, but may be paid elsewhere, on or before the dates when due, to authorized agents of the company in exchange for receipts signed by the president, secretary, or manager of the ordinary branch and countersigned by a general agent of the company. When not payable in one sum at the beginning of each policy year, that part of the annual premium remaining unpaid at the maturity of this contract, and any other indebtedness to this company on the part of the insured or any holder of this policy, shall be deducted from the amount payable by the company. If any premium be not paid when due, this policy shall be void and all premiums forfeited to the company, except as herein provided."

Also:

"The benefits stated in the following tables apply to the original sum insured only: If the sum insured is increased by dividends or otherwise, the benefits will be increased, but any indebtedness placed on the policy will operate to reduce the benefits."

On the 31st day of December, 1904, the insured and the beneficiary made application for a loan on the policy in the sum of $390, and assigned the policy to the company as security for the loan. The loan certificate contained this provision among others:

"That if said policy shall lapse or become forfeited in any manner, the amount of said loan, with interest accumulated and accrued thereon, shall be deducted from any cash surrender value of said policy, or the said loan, with interest accumulated and accrued thereon, shall operate to reduce the amount of any paid-up life or endowment policy, or to reduce the term of extended insurance guaranteed by the terms of said policy, in accordance with the rules of the company."

On the 8th day of March, 1905, default was made in the payment of premium. On the 9th day of June, 1905, the policy was forfeited for nonpayment of premium, and after deducting the loan extended insur-

ance was granted for the face of the policy for 4 years and 38 days, or until April 15, 1909. If the amount of the loan and interest had not been deducted, the insured would have been entitled to extended insurance for the period of 12 years and 85 days. On the 22d day of July, 1916, the insured died. It will therefore be observed that the extended insurance expired long prior to his death, because of the deduction of the loan and interest; whereas, if the extended insurance had been computed without such deduction it would have extended the policy beyond the date of death.

It will thus be seen that the sole question presented for decision is: Should the period of the extended insurance be computed after deducting the amount of the indebtedness or loan, or without such deduction? The plaintiff contends that inasmuch as it is provided on the back of the policy that,—"when not payable in one sum at the beginning of each policy year, that part of the annual premium remaining unpaid at the maturity of this contract, and any other indebtedness to the company on the part of the insured or any holder of this policy, shall be deducted from the amount payable by the company," the amount of the loan can only be deducted from the amount payable on the death of the insured, and in no manner affects the period of extended insurance to which the party may be entitled. And it is further contended that the provision of the loan .certificate to the contrary is without consideration and void. Regardless of these questions, however, there are two all-sufficient reasons, in my opinion, why the plaintiff cannot recover.

[1] First. The application for the policy contains the provision:

"And it is further agreed that the policy herein applied for shall be accepted subject to the conditions and agreements therein contained, and the policy shall not take effect until the same shall be executed and delivered by the said company, and the first premium paid thereon, while my health is in the same condition as described in this application."

And inasmuch as the policy was delivered in the state of New York, where the insured resided, it thereby became a contract of that state. Equitable Life Ins. Co. v. Clements, 140 U. S. 226, 11 Sup. Ct. 822, 35 L. Ed. 497.

[2] And under the decisions of the courts of New York the term of the extended insurance was properly computed by the insurance company. Perry v. Prudential Ins. Co. of America, 144 App. Div. 780, 129 N. Y. Supp. 751; Taylor v. New York Life Ins. Co., 197 N. Y. 324, 90 N. E. 964. Indeed, regardless of this, the rule there stated would seem to be supported by the better reason and the weight of authority.

[3] Again, the utmost that can be said in favor of the plaintiff is that the terms of the policy are somewhat ambiguous and conflicting, and in such cases the practical construction placed upon the contract by the parties when the loan was made will be accepted by the courts and is controlling here. A general finding will therefore be made in favor of the defendant.·

Let a finding and judgment be submitted accordingly.