# BRONSON v. NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY.

### [No. 10,687.   Filed February 4, 1921.]

1. INSURANCE. — *Life Insurance.* — *Interest of Beneficiary.* — Where no power of disposition is reserved in the insured in an ordinary life insurance policy, the beneficiary, upon the issuance and acceptance of the policy, acquires a vested right which cannot be impaired without the beneficiary's consent, but where by the terms of the policy the right is reserved by insured to change the beneficiary at will, then the original beneficiary acquires only a defeasible interest in the policy, and has but a mere expectancy until after the death of the insured. p. 48.

2. INSURANCE.—*Life Insurance.*—*Nonpayment of Premiums.*— *Forfeiture.*—*Waiver.*—A notice mailed by the insurer to insured on the day after his death that an interest payment on a policy loan would be due on a certain date does not waive a lapse of policy for nonpayment of the premium where insured had a right to reinstatement of the policy, since the notice was obviously mailed without knowledge of the death of the insured, and amounted only to a suggestion that the policy might be reinstated.   p. 49.

3. INSURANCE.—*Life Insurance.*—*Nonpayment of Premiums.*— *Forfeiture.*—*Waiver.*—The waiver of the lapse of a policy of life insurance for nonpayment of premiums, to be binding on the company, must be by agreement supported by a valid consideration or by estoppel.   p. 50.

4. INSURANCE.—*Life Insurance.*—*Nonpayment of Premiums.*— *Death of Insured.*—*Lapse of Policy.*—*Waiver by Agreement.*— An act of the insurer could not operate as a waiver by agreement of the lapse of the policy for nonpayment of premiums when performed after the death of insured, since there could not then have been any agreement with insured.   p. 50.

5. INSURANCE.—*Life Insurance.*—*Nonpayment of Premiums.*— *Forfeiture.*—*Waiver by Estoppel.*—Waiver by estoppel of the lapse of an insurance policy for nonpayment of premiums requires some act by the insurer whereby the insured was in some manner misled to his prejudice.   p. 50.

6. INSURANCE.—*Life Insurance.*—*Action on Policy.*—*Answer.*— *Motion to Make More Specific.*—In an action against insurer on a life policy, an answer alleging lapse of policy for nonpayment of premium which embodied the receipt for the last premium paid, clearly stating the term for which the policy

was thereby extended, *held* sufficiently definite as against a motion to make more specific as to the extension of the term. p. 50.

7. INSURANCE.—*Life Insurance.—Policy.—Construction.—Payment of Quarterly Premium.—Effect.—Term of Renewal.*—Where a life policy provided for quarterly payments of premiums, and stipulated that the payment of such a premium should not continue the policy in force longer than for the time specified in the receipt therefor, which receipt recited that it would continue the policy in force only for three months, the payment of the first quarterly premium for the policy year did not continue the policy in force for the entire year, subject only to a lien for the unpaid balance of the annual premium. p. 51.

8. INSURANCE.—*Life Insurance.—Nonpayment of Premiums.—Lapse of Policy.*—Under a life insurance policy providing that, if a premium is not paid when due, it should be charged as an automatic policy loan if the loan value of the policy, in addition to existing indebtedness and accrued interest, was sufficient to pay at least a quarterly premium, but if such loan value was insufficient to pay such premium, the policy should cease to be in force, where there was a loan on the policy which, with accrued interest, reduced the loan value to less than the quarterly premium, the policy lapsed on the expiration of the period of grace for payment of quarterly premium. p. 52.

From Marion Superior Court (103,507); *V. G. Clifford,* Judge.

Action by Elmira Bronson against the Northwestern Mutual Life Insurance Company. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Charles W. Miller* and *Henry M. Dowling,* for appellant.

*Baker & Daniels,* for appellee.

NICHOLS, J.—Action by appellant against appellee to recover upon a policy of life insurance issued by appellee on the life of appellant's husband. The complaint was in four paragraphs, the substantial averments of the first paragraph being that on October 4, 1907, appellee executed and delivered to appellant's husband, hereinafter mentioned as the insured, its written policy

of insurance on his life, wherein appellee, in consideration of the payment of $9.99 as a quarterly premium on or before October 4, January 4, April 4 and July 4 of each year during the continuance of the policy, agreed to pay to appellant as sole beneficiary named therein the sum of $1,000 upon receipt and approval of proof of death of the insured while the policy remained in force, the balance of the premium, if any, and any other indebtedness on account of the policy to be first deducted therefrom. From October 4, 1907, until October 4, 1915, the assured regularly paid all premiums called for, the last payment being made on October 4, 1915, which continued the policy in force up to and including January 4, 1916. On April 24, 1915, the assured, for the purpose of obtaining a loan from the appellee on the security of the policy, requested appellee to change the beneficiary therein named from appellant to the executors, administrators and assigns of the assured, and, pursuant to such request, appellee purported to make such change for the purpose aforesaid. On May 5, 1915, appellee loaned to the assured $150 at five per cent. interest per annum, taking what purported to be a written assignment of the policy which secured the loan, such assignment being signed by the assured and no other person. Immediately thereafter, at the request of the insured, the beneficiary was changed back to appellant, but it was expressly stated upon the face of the policy that the change was made subject to and without prejudice to the aforesaid assignment of the policy. The sole purpose of making such change and assignment was to effect a temporary and colorable change in such beneficiary in order to obtain such loan, which fact appellee knew, and also knew that such loan could not be so obtained so long as appellant was named as the beneficiary on the face of the policy. By reason of the facts aforesaid the change in beneficiary was

colorable only, and without the knowledge and consent of appellant, and in violation of the laws of the state, and wholly void. Said policy was not legally assigned by said insured to appellee to secure said loan, which never became a lien or charge against said policy. According to the terms of the policy, if any premium was not paid when due, the same, without action on the part of the insured, became charged as an automatic policy loan at five per cent. interest, if the then loan value of the policy, including existing additions, would be sufficient to cover such loan in addition to any existing indebtedness and accrued interest. If the loan value or balance thereof should not be sufficient to pay the entire premium due, then it would be used, if sufficient, to pay the premium for the shorter period, but not less than an entire quarterly premium, and, if not sufficient to pay the quarterly premium, the policy would cease to be in force, and any residue of the surrender value of said policy would be paid in cash on the surrender thereof. The insured failed to make actual payment to appellant on January 4, 1916, of any sum as a premium in whole or in part, and, by virtue and operation of said automatic loan feature of the policy, the loan and cash surrender values of said policy as the same existed on January 4, 1916, were automatically applicable to the payment of the quarterly premium on said policy which fell due on that date. The loan surrender value of the policy on said date was not less than $161.07 against which there was no legitimate or proper lien or other charge, except the unpaid premium due on that date. Said $161.07, according to custom and practice of appellee, was then applicable to the payment of, and was more than sufficient to pay, the premiums on said policy up to and including April 4, 1915, and at least for one year thereafter. The insured died April 4, 1916, while said policy was automatically extended as aforesaid, and

hence while the same was in full force, validity and effect.   Appellee was notified, but wholly repudiated all liability under said policy and refused unconditionally and still refuses to pay the same or any part thereof. All the conditions of the policy to be performed by the insured or by appellant have been complied with.   There was a demand for judgment in the sum of $1,200 and costs.

The second paragraph avers that in addition to the $161.07 surrender value of the policy there was due the further sum of not less than $10 as surplus dividend.   It further avers the attempted assignment of the policy to appellee to secure the $150 loan, the amount of which, with interest quarterly, was $154.89, and no more; that on April 5, 1916, appellee by written notice to insured declared that the interest on said loan due May 5, 1916, would be $7.40, which it demanded on or before that date; that by reason of the foregoing there was in the hands of appellee on January 4, 1916, after deducting all proper charges against the policy, more than sufficient to pay the quarterly premium on said policy which came due on January 4, 1916, which thereby extended said policy to and including April 4, 1916; that it was the duty of appellee to make such proportion of the funds in its hands applicable to such policy as would pay such quarterly premium of that date, and continue such policy in force for three months thereafter; that by reason of the terms and appellee's duty such policy was automatically extended to and including April 4, 1916, on which date the insured died while said policy was in full force.

The third paragraph avers that after January 4, 1916, no premiums were actually paid by the insured, but that at no time prior to such death did appellee declare the policy forfeited, or so notify appellant that such forfeiture had been declared, and on April 5, 1916, with

full knowledge of the assured's death, appellee sent through the United States mail to the insured a written notice and demand for payment on May 5, 1916, of the interest due on the loan; that by such notice appellee waived all forfeiture of the policy prior to the date of such notice, and demand for interest payment, and elected to consider such policy in full force, notwithstanding the fact that the quarterly premium falling due January 4, had not been paid, and that by reason of such facts the policy remained in full force until and including the death of the insured.

It is averred in the fourth paragraph of the complaint that the anniversary of such policy occurred on October 4, of each year in which it was in force; that the premiums were payable quarterly beginning with said anniversary date, and it was expressly stipulated that appellee would pay the face of said policy to the beneficiary named therein, the balance of the year's premium, and any other indebtedness on account of said policy being deducted therefrom, and that by reason of such provision the policy, after the first quarterly premium on the same had been paid on October 4, 1915, was thereby continued in full force, validity and effect until October 4, 1916, subject to the right of appellee, in the event of the death of the insured prior to October 4, 1916, to deduct from the proceeds of said policy all premiums for the policy year ending October 4, 1916, which had not been paid, together with any other indebtedness on account of said policy. The policy was by exhibit made a part of each paragraph of complaint. It was a nonforfeitable surplus sharing policy for $1,000 upon consideration of the payment of $9.99 on October 4, January 4, April 4, and July 4, of each year during its continuance. Appellant was named as the beneficiary subject to the right reserved to the insured to change such beneficiary.

So far as concerns this action, the policy provided: "That no premium after the first shall be considered paid unless a receipt has been given therefor signed by the president or secretary, and countersigned by an agent authorized to receive such premium; that the payment of any premium should not have the effect of continuing the policy in full force longer than the time specified in the receipt therefor; that grace of one month during which the policy should remain in full force should be allowed in payment of all premiums, except the first, subject to an interest charge of 5% per annum; that the policy at any time within five years succeeding default in payment of any premium will be reinstated upon satisfactory evidence of the insurability of the insured; that the dividends are payable in cash and may be applied toward the payment of premiums; that unless insured shall otherwise elect in writing dividends will be applied to the payment of the premiums, if any be due; that the insured, subject to the rights of any assignee, may designate the beneficiary; any such designation may be cancelled or changed by the insured during his lifetime, subject to the rights of any assignee, and shall be effected by the filing of a written request therefor with the company, accompanied by the policy and an appropriate endorsement on the policy by the company; that if any premium on this policy shall not be paid when due the same without action on the part of the insured * * * shall be charged as an automatic policy loan at 5% interest, if the then loan value of the policy, including existing additions, be sufficient to cover such loan in addition to any existing indebtedness and accrued interest. If the loan value or balance thereof shall not be sufficient to pay the entire premium due, then it shall be used, if sufficient, to pay the premium for the shorter period, but not less than an entire quarterly premium, and if not sufficient to pay the quarterly premium, the policy shall cease to be in force and any residue of the surrender value of said policy shall be paid in cash on the surrender of the same."

The change of beneficiary is shown by written indorsement on the policy dated April 24, 1915, chang-

ing the beneficiary from appellant to the executors, administrators or assigns of the insured; and again the change of beneficiary, dated May 13, 1915, is indorsed on the policy showing that appellant is made the beneficiary under the policy, such change being made subject to and without prejudice to the assignment of the policy to the company for the loan.

A demurrer to each the first, third and fourth paragraphs was sustained, as to the first and third, and exceptions reserved, and overruled as to the fourth. Appellee filed an answer in general denial to each the second and fourth paragraphs of complaint, and a special answer to the fourth paragraph only. Its substantial averments were that on October 4, 1915, the insured paid the quarterly premium of $9.99 by the application of an annual dividend of $10.19, with twenty cents balance of dividend paid to the insured. Such premium was receipted November 4, 1915. Such payment had the effect to continue the policy in force until January 4, 1916, and that the insured did not thereafter pay any further premiums on said policy. There was a motion to make this special paragraph of answer more specific, which was overruled with exception, and there was also a demurrer to such special paragraph of answer, which was overruled, with exception.

The cause was submitted to the court for trial without the intervention of a jury, and the court found the facts specially and stated its conclusions of law thereon.

It appears by such finding of facts that on October 4, 1907, appellee issued to the insured the policy of insurance for $1,000 sued on; that the premiums were paid regularly until October 4, 1915, at which last-named date the insured paid $9.99, the amount of the quarterly premium, and no more, and received a written receipt therefor, by which it appeared that the premium

was paid by application of the annual dividends with a balance of twenty cents to appellant. There was no premium paid after October 4, 1915, unless the facts hereinafter found constitute a premium payment after that date. On January 4, 1916, and February 4, 1916, the total cash surrender value of the policy in question, if there had been no liens or loan charges against it, would have been $161.07. The loan value of said policy on said date was $160.26. On May 5, 1915, appellee loaned insured $150, which was to draw interest at the rate of five per cent. per annum payable on May 5 of each year. At the time of negotiating such loan the insured made a written assignment of his policy to the company to secure such loan. On January 4, 1916, the total amount of principal and interest of the loan was $154.89. The basis of the shares of dividends on policies issued by appellee was determined in August and September of each year, and the same being payable on the policy anniversary. The distributable surplus or dividend applicable to the policy in suit, if the same had continued in force until October 4, 1916, would have been $10.82. The insured died April 4, 1916. Immediately after the death of the insured appellant, being the beneficiary, notified appellee of the death and requested forms for proof of death, but appellee denied all liability except to the extent of $6.36, being the balance due on the cash surrender of the policy after deducting all charges against the same. Demand was made for payment before this action was commenced. On June 22, 1916, appellee tendered to appellant $6.36 in full payment, settlement and satisfaction of all sums due her as beneficiary under the policy, which was refused.

Upon these facts the court stated conclusions of law, that the law was with appellee, and that appellant take nothing by the action, and that appellee have judgment for costs. There was an exception to each of the con-

clusions of law, and judgment was rendered in favor of appellee, from which this appeal is prosecuted.

The errors assigned by appellant are: (1) Error in sustaining appellee's demurrer to the first paragraph of complaint; (2) error in sustaining appellee's demurrer to the third paragraph of complaint; (3) error in overruling appellant's motion to require appellee to make more specific the second paragraph of appellee's answer; (4) error in overruling appellant's demurrer to the second paragraph of answer; (5) error in the court's first conclusion of law; (6) error in the court's second conclusion of law.

Appellant contends that the court erred in sustaining the demurrer to the first paragraph of complaint. The theory of this paragraph of complaint is clearly

1. that the change of beneficiary and of the loan made to the insured after such change was invalid. Appellant contends that the beneficiary in a life insurance policy has a vested interest therein which cannot be prejudiced, incumbered, or assigned by the insured, citing a long list of authorities. But appellant's contention cannot be sustained. In the policy in suit there was a right reserved by the insured to change the beneficiary. It is the rule, where no power of disposition is reserved in the insured in an ordinary life insurance policy, the beneficiary, upon the issuance and acceptance of the policy, acquires a vested right which cannot be impaired without the beneficiary's consent. But, where by the terms of the policy the right is reserved by the insured to change the beneficiary at will, then the original beneficiary acquires only a defeasible vested interest in the policy, a mere expectancy, until after the death of the insured. *Burnett* v. *Mutual Life Ins. Co.* (1917), 66 Ind. App. 280, 114 N. E. 232; *Mutual Life Ins. Co.* v. *Guller* (1918), 68 Ind. App. 544, 119 N. E. 173; *Indiana, etc., Ins. Co.* v. *McGinnis* (1913),

180 Ind. 9, 101 N. E. 289, 45 L. R. A. (N. S.) 192; *Isgrigg, Exr.,* v. *Schooley* (1890), 125 Ind. 94, 25 N. E. 151. As it appears that in the change of beneficiary in this case there was a strict compliance with the conditions of the policy, it was not error to sustain the demurrer to the first paragraph of complaint.

The theory on which the third paragraph of complaint proceeds is that appellee waived its right to insist that the policy had automatically expired, or, as appellant says, to insist that there was a forfeiture for nonpayment of premium, and to insist that the policy ceased to be in effect on February 4, 1916, being at the end of the period of grace, by sending notice to the insured on April 5, 1916, as to the amount of interest that would be due on the loan on May 5, 1916, being at the end of the first year of the loan. But at that time there could have been no waiver of any rights under the policy, for the insured had died upon April 4, 1916, one day before the notice was sent, and therefore at that time the rights under the policy were absolutely fixed. It is a clear implication that the notice was sent without knowledge at the time that the insured had died, otherwise such notice would not have been mailed to him at his address. The policy gave the insured the right to reinstatement at any time within five years after default in payment of premium upon certain conditions, and, as the policy had not been surrendered, appellee certainly had a right to assume that the insured might reinstate his policy, and the notice sent, even if the insured had been living at the time it was mailed, amounted at most only to an offer or suggestion that the insured might reinstate his policy. If the insured should reinstate his policy, he would be required to pay on May 5, 1916, interest upon his loan in the sum of $7.40. The mere recognition of the right

of the insured to reinstatement could not possibly constitute a waiver of the lapse of such policy for nonpayment of premiums. The waiver, to be binding, must operate by an agreement supported by a valid consideration, or by estoppel. There is no claim of a waiver before April 4, 1916, and thereafter there could have been in this case no waiver by agreement, for at the time of the act of appellee in sending the notice the insured was not living and there could have been no agreement with him; further, there was no consideration for a waiver by agreement. It must appear that it was the intention of the parties so to waive, and that such waiver by agreement was supported by sufficient consideration. *Linwood Park Co.* v. *Van Dusen* (1900), 63 Ohio 183, 198, 58 N. E. 576, 580. To constitute a waiver by estoppel, it must appear that the insured by the act of the appellee had been in some manner misled to his prejudice. Bowers, Waiver, 20, 21; Kerr, Insurance §135, p. 316; *Majestic Life, etc., Co.* v. *Tuttle* (1915), 58 Ind. App. 98, 107 N. E. 22; *West* v. *National Casualty Co.* (1916), 61 Ind. App. 479, 112 N. E. 115; *Farmers', etc., Assn.* v. *Mason* (1917), 65 Ind. App. 66, 116 N. E. 852. In this case there were none of the elements of waiver either by agreement or by estoppel. The demurrer to the third paragraph of complaint was properly sustained.

It is next contended by appellant that the court erred in overruling appellant's motion to make the second paragraph of answer to the fourth paragraph of complaint more specific. Appellant contends that the statement in such answer "that the payment of the premium of $9.99 on October 4, 1915, had the effect to continue the said policy in force only for the time specified in the receipt therefor, to wit, for three months * * * up to and including January

4, 1916," states only a legal conclusion, and an erroneous conclusion, and that it is not a statement of fact. The receipt evidencing such payment, however, is made a part of the paragraph of answer, and its construction as to its effect is for the court. The receipt plainly states: "Premium for three months, $9.99." We do not see how any statement of fact could make this statement quoted from the receipt plainer and more specific. It is true that the law will so construe the terms of the policy as to avoid a forfeiture or lapse when such terms are ambiguous, but there is nothing ambiguous in the policy in this case as to the conditions upon which the policy had lapsed, or in the statement quoted from the receipt. The motion to make the second paragraph of answer to the fourth paragraph of complaint more specific was properly overruled.

Appellant contends, in support of her demurrer to said second paragraph of answer, that the payment of the first quarterly premium for the policy year,

7. beginning October 4, 1915, continued the policy in effect for the full year subject to the lien for the unpaid balance of premium. But it is provided in the policy that "the payment of any premium shall not have the effect of continuing this policy in full force longer than for the time specified in the receipt therefor." Further, as above appears, the policy in suit provides that: "If any premium on this policy shall not be paid when due, the same, without action on the part of the insured, * * * shall be charged as an automatic policy loan * * * if the then value of the policy * * * be sufficient to cover such loan in addition to any existing indebtedness and accrued interest. If the then loan value * * * shall not be sufficient to pay the entire premium due then it shall be used, if sufficient, to pay the premium for a shorter period, but not less than an entire quarterly premium,

and if not sufficient to pay the quarterly premium, the policy shall cease to be in force." Appellant has not averred in her fourth paragraph of complaint that the loan value of the policy after the payment of the indebtedness was sufficient to pay the quarterly premium. If it was not sufficient, the policy by its own terms ceased to be in force. *Grand Lodge, etc.* v. *Marshall* (1903), 31 Ind. App. 534, 68 N. E. 605, 99 Am. St. 273. But the court's ruling on the demurrer to the fourth paragraph of complaint is not presented. It is, however, averred in the second paragraph of answer that the premiums were not paid after October 4, 1915. The demurrer to the second paragraph of answer was properly overruled.

The court in its special finding found that no premium was paid upon the policy after October 4, 1915. On January 4, 1916, the loan made to the insured 8. constituted a valid lien against the policy in the sum of $154.89. The loan value of the policy at that time and at the end of the days of grace, to wit, February 4, 1916, had there been no valid lien of $154.89 against such policy, was $160.26. There was no surplus or dividend, in which the insured could share, or that could be applied to the payment of the premium due, till October 4, 1916. As the premium which fell due on January 4, 1916, was $9.99, there was not a sufficient amount of the loan value of the policy over the valid lien against the same to pay such premium, and therefore by the express terms of the policy it lapsed and expired at the end of the period of grace, February 4, 1916, and it was wholly without force at the time of the death of the insured April 4, 1916. *Mills* v. *Nat. Life Ins. Co.* (1916), 136 Tenn. 350, 189 S. W. 691; *Missouri, etc., Ins. Co.* v. *Fry* (1917), 130 Ark. 419, 197 S. W. 701; *Rye* v. *New York Life Ins. Co.* (1911), 88 Neb. 707, 130 N. W. 434; *Meserole* v. *South-*

*western Life Ins. Co.* (1918), (Tex. Civ. App.) 203 S.
W. 1161; *Meridian Life Ins. Co.* v. *Hobbs* (1917), 200
Ala. 487, 76 South. 429; *Payne* v. *Minnesota, etc., Ins.
Co.* (1917), 195 Mo. App. 512, 191 S. W. 695; *Fidelity
Mut. Ins. Co.* v. *Oliver* (1916), 111 Miss. 133, 71 South.
302. Such being the case, the court did not err in its
conclusions of law or either of them. The judgment is
affirmed.