(108 So. 524)

## ALABAMA NAT. LIFE INS. CO. v. SMITH.
### (4 Div. 234.)

(Supreme Court of Alabama. May 13, 1926.)

**1. Insurance ☞367(2)—Where after paying three premiums on life policy insured secured cash loan to full extent allowable, held that there was no further loan value to prevent lapse for nonpayment of subsequent premium.**

Under life policy, *held* that specified loan value at end of third year accrued only on payment of the fourth premium, and where insured borrowed loan value at end of second year, there was no further loan value which could be used as a premium to extend the policy upon nonpayment of the fourth premium.

**2. Insurance ☞146(3).**

Contract of life insurance must be construed favorably to insured, and insurer will be held liable if contract as written reasonably imports liability.

**3. Insurance ☞310(2).**

In absence of contract, statute, or course of dealing, no notice of lapse of life policy for nonpayment of premium is required.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Suit by Mary Jane Smith against the Alabama National Life Insurance Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

A contract of insurance cannot be given an interpretation at variance with the fair sense and meaning of the language in which it is expressed. 14 R. C. L. 925. Where the insurer has loaned to the insured the full amount of the cash surrender value of the policy, so that at the time of default such surrender value was just sufficient to satisfy the loan, there was nothing due to the insured with which to purchase extended insurance. Meridian L. Ins. Co. v. Hobbs, 201 Ala. 487, 76 So. 429, L. R. A. 1918A, 904; Mutual Benefit Life Ins. Co. v. First Nat. Bank, 115 Ky. 757, 74 S. W. 1066; N. Y. L. Ins. Co. v. Slocum, 177 F. 842, 101 C. C. A. 56; Dibrell v. Citizens' Nat. L. I. Co., 152 Ky. 208, 153 S. W. 428; Fidelity Mut. Ins. Co. v. Oliver, 111 Miss. 133, 71 So. 302.

Mulkey & Mulkey, of Geneva, for appellee.

In the absence of evidence to the contrary, it will be inferred that the loan was personal, and not secured by the policy. N. Y. L. Ins. Co. v. Smith, 139 Ala. 303, 35 So. 1004. The company was due to give notice of default. 25 Cyc. 832.

### Statement.

The action is on a policy of life insurance; date of policy, March 26, 1919; annual premium $56.59. The initial premium, the second, March 26, 1920, and the third, March 26, 1921, were duly paid. The fourth, due March 26, 1922, was not paid. The insured died November 15, 1922. The question is whether the policy lapsed for nonpayment of the fourth premium: The provisions of the policy determinative of this question are these:

"This policy shall be nonforfeitable as follows: If premiums have been paid for two or more years, the company, upon failure of insured to pay any premiums, will charge the premiums as they fall due, as loans against this policy until the loan value and the accumulated unused coupons, if any, are consumed, and this policy shall thereby continue in full force. At any time while the policy is thus sustained, the payment of premiums may be resumed without medical re-examination, and the accumulated debits may be paid or stand as a loan against the policy.

### "Loans.

"On demand, in writing to the home office of the company, the insured may, without the consent of the beneficiary, borrow on the sole security of this contract the amount specified in the accompanying table for the year in which the loan is to be taken, subject to the interest, in advance, at not over 6 per cent. per annum, provided the contract shall have been in force two years. The contract shall be assigned to the company as security, according to the terms of the company's loan agreement, and the premiums on the contract shall be paid in full to the end of the next policy year. The amount available at any time includes any previous loan then unpaid."

Table of Cash Loans and Guaranteed Surrender Values.

| | 1 | 2 | | 3 | | 4 |
|---|---|---|---|---|---|---|
| End of Policy Year. | Cash Loan. | Paid-Up Insurance. | | Extended Insurance. | | Cash Endowment. |
| | | Yrs. | Mos. | Yrs. | Mos. | |
| First | — | — | | — | 1 | — |
| Second | 73 | — | | — | 2 | — |
| Third | 112 | 120 | | 5 | 7 | — |
| Fourth | 152 | 179 | | 8 | 1 | — |

The insured obtained a loan of $73 on the policy, April 15, 1921, payable March 26, 1922. This loan was never paid.

### "Extended or Paid-Up Insurance.

"If any premium shall not be paid on or before the date when due, and if there be no indebtedness to the company, upon written request made by the insured within three months from said due date, the insurance will either

continue from said due date as term insurance for the original amount, during the term including the period of grace specified in column (3) of the accompanying table; the cash indorsement indicated in column (4) being payable to the insured, if living, at the end of the term stated; or at the option of the insured in lieu of such term insurance the company will indorse on this contract the amount of paid-up life insurance specified in column (2) of the accompanying table, the same being payable at the same time and on the same conditions as this policy.

"If there shall be any indebtedness to the company, the amount of term insurance allowed shall be the original amount of the policy less the indebtedness thereon, and the term insurance shall be for such a term, including the period of grace as the cash value of the contract less the indebtedness will purchase at the then age of the insured, according to the company present table of single premiums. Or, in lieu of term insurance, the amount of paid-up life insurance will be for such an amount as the cash value of the policy less the indebtedness will purchase according to the company's present table of single premiums at the attained age of the insured."

### Opinion.

BOULDIN, J. The inquiry is: Did the policy have a loan value, in excess of the unpaid loan, to carry the policy to the death of the insured, notwithstanding nonpayment of premium? The loan clause expressly declares the loan values shown in the table shall begin when the contract "shall have been in force two years * * * and the premiums on the contract shall be paid in full to the end of the next policy year."

[1] The table shows a loan value of $73 at the end of the second policy year, or when the policy has been in force two years. The second policy year ended March 25, 1921. On payment of the renewal premium of March 26, 1921, keeping the policy in force for the third year, the loan value of $73 accrued on the policy. This sum was borrowed by the insured in the following month. The increased loan value of $112 at the end of the third policy year, when the policy had been in force three years, could accrue under the policy only on payment of the fourth premium March 26, 1922. This was never paid. No funds came to the hands of the insurer to pass to the reserve as a basis of increased loan value. It results that the loan of $73 consumed the loan value, and left no residue to purchase extended insurance.

Other features of the contract harmonize with the terms of the loan clause. The first guaranteed dividend coupon was payable March 26, 1922, "provided all premiums due on said policy up to and including said date have been paid." The premium of that date

never having been paid, no unused coupon could become available to extend the policy under the nonforfeiture clause. The list of loan values in the table shows accellerating yearly additions as the policy grows older. The increase at end of third year is $39, that of the nineteenth $80.

It appears in evidence that more than the first premium is consumed in expense. If $73 is the loan value at the end of the second year without payment of the third premium, the insurer operates at a net loss in such event. The table further shows the loan value at the end of the nineteenth policy year to be $1,000, the face of the policy. If this accrues without the payment of the twentieth premium, the insured could draw as a loan on the policy after payment of 19 premiums the same he would draw at the end of the twentieth year for 20 premiums, less the year's interest. These considerations indicate that the insurer, in framing the contract, had no such intent as insisted upon by appellee.

[2] True, the contract must be construed favorably to the insured, and if the insurer has so written it as to reasonably import a liability, he should be held to it. The nonforfeiture clause does, in its opening words, indicate a loan value after "premiums have been paid for two or more years"; but the same clause limits its extended insurance provisions to the loan values, not there given, but expressly fixed in other clauses of the contract. Necessarily, the insured would have to look to these other provisions for loan values. We are constrained to hold the policy lapsed for nonpayment of premium March 26, 1922. Meridian Life Ins. Co. v. Hobbs, 200 Ala. 487, and cases cited on page 488, 76 So. 429, L. R. A. 1918A, 904; Fidelity Mutual Ins. Co. v. Oliver, 111 Miss. 133, 71 So. 302.

The case of Dibrell v. Citizens' National Life Ins. Co., 152 Ky. 208, 153 S. W. 428, in most respects, is very like the case at bar. The evidence for both plaintiff and defendant is to the effect that the loan was made on the policy. It does not warrant an inference that it was made as a personal loan, not on the security of the policy according to its terms. The rule announced in New York Life Ins. Co. v. Smith, 139 Ala. 303, 35 So. 1004, cannot be applied.

[3] In the absence of contract, statute, or course of dealing, no notice of lapse of the policy was required. 3 Joyce on Insurance, §§ 1320, 1321.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.